601 A.2d 1334

**Thomas K. GARVEY and Kathleen A. Garvey, his wife, Appellants,**

**v.**

**Frank ROSANELLI t/a Rosanelli Homes, Joseph T. Ryan t/a Joseph T. Ryan Real Estate, John and Patricia Busillo, his wife and Lower Southampton Township, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1990.

Decided Jan. 8, 1992.

---

Stephen B. Harris, for appellants.

Joan I. Brecker, for appellees.

Before SMITH, and BYER, JJ., and BARRY, Senior Judge.

BYER, Judge.

In this civil action for damages involving alleged defects in the construction of a house, plaintiffs Thomas K. and Kathleen A. Garvey appeal from the order of the Court of Common Pleas of Bucks County granting defendant Lower Southampton Township's motion for judgment on the pleadings. The trial court entered judgment on the pleadings on the basis of governmental immunity and the statute of limitations. We reverse.

The Garveys' predecessors in title, John and Patricia Busillo, purchased property located at 2820 Creek Road, Langhorne, Pennsylvania, and contracted with Frank Rosanelli for the construction of a new single-family residence at that address. The township granted Rosanelli a building permit.

The Busillos resided at 2820 Creek Road from December 1978 until March 1979, when the Garveys purchased the residence. The Garveys observed cracks in the basement floor and walls, but believed that they had been caused by normal settling. Between September 1983 and the spring of 1984, the Garveys discovered that the foundations and footings of the residence were settling in an abnormal and accelerating manner and hired experts to determine the extent of the injury. On December 28, 1984, the Garveys commenced a civil action for damages against the Busillos, Rosanelli, a real estate broker (Joseph T. Ryan) involved in the sale of the residence to the Garveys, and the township. The Garveys amended the complaint to plead with specificity their discovery of the latent abnormal settling.

The Garveys' claim [1] against the township asserts that the township has a "duty to all potential owners of the residence to insure that the foundations and footings of the residence were constructed in a safe and workman-like

---

1. Because this appeal relates only to the claim against the township, we will not discuss the claims against the other defendants.

manner, in accordance with the applicable building code, and that the foundations and footings were constructed of proper material." (amended complaint, ¶ 31). Furthermore, the Garveys asserted that the township, "through its authorized building official, failed to properly supervise the construction of the foundations and footings of the residence, failed to require the contractor to adhere to the requirements of the applicable building code, and failed to require that the foundations and footings of the residence be constructed of suitable materials for such purpose." (amended complaint, ¶ 33).

After filing an answer, the township filed a motion for judgment on the pleadings. The trial court granted the motion on the basis that: (1) the action against the township was barred by governmental immunity under 42 Pa.C.S. § 8541; and (2) the Garveys' cause of action was time barred by the two-year statute of limitations under 42 Pa.C.S. § 5524.

 In reviewing a grant of a judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *E–Z Parks, Inc. v. Philadelphia Parking Authority*, 110 Pa.Commonwealth Ct. 629, 532 A.2d 1272 (1987). "Under Pa.R.C.P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him." *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 184, 259 A.2d 687, 688 (1969) (citing *Bata v. Central–Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A.2d 174 (1966)). Such a motion may be granted only if no material facts are in dispute and the law is so clear that a trial would be fruitless. *Beardell v. Western Wayne School District*, 91 Pa.Commonwealth Ct. 348, 496 A.2d 1373 (1985).

## GOVERNMENTAL IMMUNITY

The Garveys argue that their civil action is not barred by the governmental immunity statute because the acts complained of were committed at a time when there was no governmental immunity.

Before 1973, government units in Pennsylvania generally were immune from liability for negligence on the basis of common law governmental immunity. However, in *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973), the Supreme Court on May 23, 1973 declared an end to governmental immunity.

There was no governmental immunity after *Ayala* until the General Assembly reinstated it effective January 25, 1979 by enacting the Political Subdivision Tort Claims Act.[2] The governing immunity statute, now codified at 42 Pa.C.S. § 8541, provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or other person."[3] However, a governmental immunity "gap" existed from the *Ayala* decision on May 23, 1973 until the January 25, 1979 effective date of the statute.

As the Garveys pleaded in their amended complaint, the township issued a building permit for the residence on June 4, 1973 and construction commenced soon thereafter. The alleged negligent acts occurred during the gap between the judicial abrogation of governmental immunity in *Ayala* and before its legislative reinstatement. However, the trial court focused on the date when the Garveys purchased the residence, March 1979, and stated that because they had no cause of action before March 1979, the township was immune from liability for the alleged negligent acts even though the acts occurred during the gap. We do not agree.

2. Act of November 26, 1978, P.L. 1399.

3. 42 Pa.C.S. § 8542 also provides a list of exceptions, none of which is applicable to this case.

The trial court relied on *A.J. Aberman Inc. v. Funk Building Corp.*, 278 Pa.Superior Ct. 385, 420 A.2d 594 (1980), and *Foley v. Pittsburgh–Des Moines Co.*, 363 Pa. 1, 68 A.2d 517 (1949). However, neither of these cases concerns 42 Pa.C.S. § 8541. Rather, these cases concern application of the discovery rule for purposes of the statute of limitations.

We hold that this case is controlled by *Gibson v. Commonwealth*, 490 Pa. 156, 415 A.2d 80 (1980). In *Gibson*, the Supreme Court held that it would be unconstitutional to apply retroactively the sovereign immunity statute to a cause of action which accrued before the statute's enactment. *Gibson* involved a situation similar to that in this case, in that the cause of action in *Gibson* arose after the Supreme Court abrogated sovereign immunity in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), but before the legislature reinstated sovereign immunity with the enactment of what is now 42 Pa.C.S. § 8521. We see no valid distinction between *Gibson* and this case.[4]

Furthermore, as the Supreme Court indicated in *Gibson*, there is a statutory basis for this result in the case of governmental immunity which did not exist with respect to sovereign immunity. That is because the General Assembly expressly provided in section 803 of the former Political Subdivision Tort Claims Act[5] that the statutory tort immu-

---

**4.** Here, as in *Gibson*, the negligent acts upon which the cause of action is based occurred during the gap. Although the trial judge focused on the date the Garveys purchased the property, the focus under the governmental immunity statute must be on the time of the act upon which liability is based. The text of the statute itself indicates that this is the proper focus by providing local agencies with immunity for harm "caused by an act...." 42 Pa.C.S. § 8541. Although the Garveys could not have filed suit until they acquired the property, the cause of action had vested in their predecessors in title during the gap, and the Garveys acquired this cause of action when they purchased the property. Therefore, under *Gibson*, it would be unconstitutional to apply the governmental immunity statute retroactively to a cause of action which arose before its enactment.

**5.** Act of November 26, 1978, P.L. 1399, *as amended,* 53 P.S. § 5311.-803, repealed by the Act of October 5, 1980, P.L. 693.

nity of political subdivisions applied only to causes of action arising sixty days after enactment. *Gibson,* 490 Pa. at 160, 415 A.2d at 82–83. The cause of action here arose before enactment of the statute. Therefore, we hold that the trial court erred in entering judgment for the township on the basis of governmental immunity.

## STATUTE OF LIMITATIONS

The trial court also held this action to be time-barred by the two-year statute of limitations under 42 Pa.C.S. § 5524(7), which provides:

> The following actions and proceedings must be commenced within two years:
>
> . . . . .
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

 The Garveys concede that as a general rule, a statute of limitations begins to run as soon as the right to institute and maintain the cause of action arises. *Pocono International Raceway v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468 (1983). However, the Garveys argue that the discovery rule applies to this case and that their claim is not time-barred because they commenced their cause of action within two years of the date that they knew or had reason to know of the defects which caused the house to settle unevenly.

 In *Pocono,* our Supreme Court held that the discovery rule "arises from the inability of the injured, *despite the exercise of due diligence,* to know of the injury or its cause." *Id.,* 503 Pa. at 85, 468 A.2d at 471 (emphasis in original). In essence, the discovery rule provides that the limitation period does not begin to run "until the plaintiff has discovered his injury, or, in the exercise of reasonable

diligence, should have discovered his injury." *Cathcart v. Keene Industrial Insulation*, 324 Pa.Superior Ct. 123, 135–36, 471 A.2d 493, 500 (1984). The discovery rule applies to latent defects in residential construction. *See Amodeo v. Ryan Homes, Inc.*, 407 Pa.Superior Ct. 448, 595 A.2d 1232 (1991).

The trial judge apparently believed that the Garveys' knowledge of the existence of cracks prior to 1983 should have commenced the running of the statute of limitations, notwithstanding the facts the Garveys' averred in their amended complaint.

Paragraph 14 of the amended complaint states:

14(a) Between September, 1983 and the Spring of 1984, the Plaintiffs became aware for the first time that the foundations and footings of the residence were settling in an abnormal and accelerating manner.

14(b) Prior to September, 1983, the Plaintiffs reasonably believed that cracks observed in the basement floor and walls had been caused by normal settling of the residence and had no reason to believe that the uneven settling would continue and would accelerate and had no reason to believe that the accelerating uneven settling would cause the house to sustain structural damages and to become unsafe.

14(c) After September, 1983, the Plaintiffs observed that the rate of uneven settling had increased suddenly and substantially.

14(d) After observing the increased rate of settling, the Plaintiffs acted promptly to obtain the services of experts to verify that the uneven settling was abnormal and to ascertain the causes for the uneven settling.

14(e) The Plaintiffs acted promptly and within the applicable periods of limitation in filing this action after becoming aware that the residence was settling in an abnormal manner.

The ultimate resolution of whether a delay in discovering a defect was reasonable is a question for the jury. *Amodeo; Aberman. Aberman* involved a commercial

building roof which had leaked from the day of construction and had continued to leak for a number of years, despite continued repair efforts. The court stated:

> The leaks began, it will be recalled, immediately upon completion of the roof, in June 1965. We do not suggest that these first leaks alone gave notice to anyone who was reasonably diligent of a possible defect in the roof. Ordinarily, whether the leak or leaks represented notice of a defect would be a decision for the jury.

*Id.* 278 Pa.Superior Ct. at 398–99, 420 A.2d at 601.

The situation faced by the Garveys upon seeing the settling cracks in 1979 was similar to the detection of the leak in the roof in *Aberman.* As indicated by the above-quoted language in *Aberman,* the Garveys, without seeing more than just the settling cracks in 1979, were under no duty, as a matter of law, to begin searching for a major structural defect. In any event, this would be a jury question, not one to be disposed of upon a motion for judgment on the pleadings.

In *Burnside v. Abbott Laboratories,* 351 Pa.Superior Ct. 264, 505 A.2d 973 (1985), the Superior Court discussed the applicable due diligence standard for purposes of the discovery rule:

> What is or is not reasonable diligence under the circumstances of a particular case requires an evaluation of the plaintiffs' actions to determine whether he or she exhibited 'those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interest of others.' *Petri v. Smith,* 307 Pa.Superior Ct. 261, 271, 453 A.2d 342, 347 (1982) quoting Restatement (Second) of Torts § 283, comment b. 'The standard of reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective standard. It is a community standard. It is sufficiently flexible, however, to take into account difference[s] between persons, their capacity to meet certain situations and the circumstances confronting them at the time in question.' *Petri v.*

*Smith, supra,* 307 Pa.Superior Ct. at 271–72, 453 A.2d at 347. We evaluate the plaintiff's conduct in terms of what he should have known at a particular time by following a course reasonable diligence.... However, where the issue involves a factual determination regarding what is a reasonable period of time for a plaintiff to discover his injury and its cause, the determination is for the jury.... Only where the facts are undisputed and lead unerringly to the conclusion that the length of time it took the plaintiff to discover the injury or its cause was unreasonable may be the question to be decided as a matter of law and summary judgment.

*Id.,* 351 Pa.Superior Ct. at 291, 505 A.2d at 988 (citation omitted).

The facts stated in paragraph 14 of the amended complaint do not lead "unerringly" to the conclusion that the Garveys' actions were unreasonable considering the circumstances. Although there exists a possibility that a determination may ultimately be made that their delay was unreasonable, such a determination is for the jury.

We reverse the order of the Court of Common Pleas of Bucks County granting judgment on the pleadings and remand for further proceedings. Jurisdiction relinquished.

SMITH J., dissents.

This decision was reached and opinion adopted before the conclusion of Judge BYER's service.

### ORDER

We reverse the order of the Court of Common Pleas of Bucks County granting judgment on the pleadings and remand for further proceedings. Jurisdiction relinquished.

SMITH J., dissents.

This decision was reached and opinion adopted before the conclusion of Judge BYER's service.