615 A.2d 760

**Jean COLLINS, an Individual; and Terry Collins, Her Husband, Appellants,**

v.

**GREENE COUNTY MEMORIAL HOSPITAL, a Corporation; and Arunava Das, M.D.**

Superior Court of Pennsylvania.

Argued March 4, 1992.

Filed Nov. 2, 1992.

---

Joseph J. Hinchliffe, Pittsburgh, for appellants.

Thomas J. Madigan, Pittsburgh, for appellee Greene County Memorial.

Before DEL SOLE, JOHNSON and FORD ELLIOTT, JJ.

DEL SOLE, Judge.

We are asked to consider the right of a litigant, under 42 Pa.C.S. § 5103, to transfer state claims from a federal district court to a court of common pleas following a judgment by the federal court on a federal claim and dismissal of the remaining state claims for lack of jurisdiction. The trial court determined that, because of a seven month delay between the federal court's dismissal of the state claims and the litigant's

praecipe to transfer the case, the praecipe was untimely filed. The trial court issued an order which struck the praecipe. We affirm.

Jean and Terry Collins, husband and wife, (the Collinses) brought an action against Greene County Memorial Hospital and Dr. Arunava Das (hereinafter collectively referred to as "Hospital") in the United States District Court for the Western District of Pennsylvania. This suit was comprised of a federal claim based upon the Civil Rights Act of 1964 and several state claims which were before the court on the basis of pendent jurisdiction. On August 17, 1990, following a settlement between the parties on the federal civil rights claim, the district court entered a judgment and final decree on that claim. Six days later, the court dismissed the remaining state claims for lack of jurisdiction.

Nearly seven months later, on March 19, 1991, the Collinses filed a certified copy of the complaint, pleadings, and final judgment from the district court, as well as a Praecipe to Transfer, with the Greene County Court of Common Pleas in order to litigate their state claims.

The Hospital filed preliminary objections to the transfer, contending that the documents were not promptly filed. The trial court agreed, noting that "[t]he effort and time needed to file in state court pursuant to the statute is less than would be expected in filing an amended pleading or filing a responsive pleading after disposition of preliminary objections", Opinion of June 7, 1991, at 3, and that, in either of those cases, the Pennsylvania Rules of Civil Procedure allot twenty days. The trial court concluded that this case could not be deemed to have been promptly transferred where the Collinses had taken more than two hundred days to act. Said the court, "as a matter of statutory construction, the filing was not 'prompt,' as mandated by the transfer statute, the sole vehicle for the plaintiffs to transfer their case from federal court to this court." Opinion at 44.

In Pennsylvania, 42 Pa.C.S. § 5103 governs the transfer of cases from federal court to state court. That statute states, in pertinent part:

## § 5103.  Transfer of erroneously filed matters

**(a) General rule.**—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.  A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

**(b) Federal cases.**—

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth.  In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth.  Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be

effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa.C.S. § 5103(a) and (b).

The trial court construed § 5103 to impose a promptness requirement, and determined the seven month delay to have been excessive. Thus, the court issued an order granting Hospital's preliminary objection and striking the transfer of the case from federal court. The Collinses appealed.

On appeal, the Collinses contend that no timeliness requirement is imposed by the statute, and that, therefore, notwithstanding the seven month delay, the trial court erred by concluding that the filing of the praecipe was not sufficiently prompt. In response, Hospital contends that a promptness requirement is imposed by this court's decision in *Williams v. F.L. Smithe Machine Company, Inc.*, 395 Pa.Super. 511, 577 A.2d 907 (1990), *appeal denied* 527 Pa. 650, 593 A.2d 422 (1991).

■ In *Williams,* this court held that if a matter is originally filed within the statute of limitations in federal court but is dismissed for lack of jurisdiction, a litigant may effect transfer of the action to a state court by complying with the provisions of 42 Pa.C.S. § 5103(b), and the state court will treat the matter as if it were originally filed in the state court, despite the fact that the federal court took no action to transfer the case or take any other action.[1]

1. The dissent claims that this case is not included within the scope of § 5103 because we must read this section to allow transfer only when the transferring court lacks jurisdiction over the entire matter, which is defined in 42 Pa.C.S. § 102 as an action, proceeding, or appeal. Because the transferring court had jurisdiction over the matter, at least

We also held that dismissal of the action by the trial court was not appropriate even though the plaintiffs had failed to file a *certified* transcript of the final judgment of the United States court and related pleadings until seven months after the federal court granted the motion to dismiss. Given the dearth of case law interpreting this statute and the fact that Appellants partially complied with the statute just 14 days after the case was dismissed by filing a certified copy of the order dismissing the action along with a new complaint, identical to the complaint filed in federal court, we held that dismissal of the complaint for lack of promptness would be unduly harsh. We also stated that to protect the timeliness of an action a litigant must promptly file a certified copy of the transcript of the final judgment of the federal court along with a certified copy of the pleadings in state court.

In the instant case the Appellants gave no indication of their intention to pursue their state claims for nearly seven months after the federal court's Order of Dismissal. Furthermore, after *Williams*, the Appellants cannot claim that because of a lack of interpretive case law under § 5103, they did not know what was required of them. Therefore, we hold that Appellant's actions were not prompt, and the order striking the transfer was proper.

We find Appellees' analogy with the case law that has developed regarding the writ of summons or complaint and then failing to effect service on the defendant persuasive.

until the Federal claim was resolved, the dissent argues that § 5103 cannot be used to toll the statute and effect transfer to the state court.

However, the purpose of the Federal–State transfer statute would be frustrated by such a construction. To hold otherwise would require the filing of State protective actions every time a federal claim with pendant state claims is filed in Federal court on the off chance that if the federal claim is resolved, the litigant will be barred from pursuing the state claim. This is the very problem, the elimination of duplication of effort, which this statute was designed to prevent.

Furthermore, it seems equally logical to construe the language of this statute to include cases with facts similar to those present here. After all, once a federal claim is resolved, the entire "matter" or "action" before the federal court is a state action made up of state claims, and therefore when the federal court dismisses the "matter" for lack of jurisdiction, the provisions of § 5103(b) may be used to effect transfer of the action.

*Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976); *Robinson v. Trenton Dressed Poultry Co.,* 344 Pa.Super. 545, 496 A.2d 1240 (1985). Beginning with *Lamp,* our courts have held that if a plaintiff commences an action by writ of summons and then does not attempt service within 30 days by complying with the local rules concerning delivery of the summons to the sheriff within that time, then that failure to make a good faith effort to notify the defendant will serve to nullify both the commencement of the action and the tolling of statute of limitations. This rule of promptness established by the courts was held to be consistent with the policy of avoiding stale claims, making the processes of justice as speedy and efficient as possible, and preventing the possibility of the plaintiff retaining exclusive control over the action for a period in excess of the statute of limitations.

When a litigant transfers an action under § 5103(b), this section, like the filing of a writ of summons, provides protection from the bar of the statute of limitations. This protection comes into play in the situation where the litigant has timely filed an action, such that notice to the defendant is sufficient for statute of limitations purposes, but as the federal court subsequently determines, has filed in the wrong court. If, however, a litigant fails to promptly transfer the action to the appropriate court, then the litigant abuses that protection, (as was done prior to *Lamp* by parties commencing actions by writ of summons,) subverts the policies underlying the statute of limitations, and undermines the speedy and efficient processes of justice.

■ Therefore, we hold that litigants must act promptly in transferring their actions which have been dismissed for lack of jurisdiction by the Federal courts. We again ask, as we did in *Williams, supra,* 395 Pa.Super. at 511, n. 1, 577 A.2d 907, that our Legislature will see fit in the future to include a specific time requirement of 30 days in the provisions of 42 Pa.C.S.A. § 5103.

Order is affirmed and jurisdiction relinquished.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting.

I am unable to conclude that the statute dealing with the transfer of erroneously filed matters has any applicability to the facts presented in the within appeal. Nor do I find any support for my esteemed colleagues' conclusion that the purpose of the transfer statute is to eliminate duplication of effort. By its express terms, the statute under review requires that the transferring court be without jurisdiction over the matter before the authorization to transfer is triggered. There is absolutely nothing in the certified record of this case to even suggest that the federal district court was without jurisdiction over the matters involved. Since I find the construction placed upon the statute by my colleagues to be both strained and fraught with the potential for future mischief, I must dissent.

I begin by stating that the most distinguished trial judge arrived at the right conclusion by striking the praecipe which sought to transfer this action from the federal district court. However, I believe that the focus on the *timeliness* of the attempted transfer—by the trial court, by the litigants, and by my colleagues in the majority—is misplaced.

We have been asked to determine whether, under *Williams v. F.L. Smithe Machine Company, Inc.,* 395 Pa.Super. 511, 577 A.2d 907 (1990), *appeal denied* 527 Pa. 650, 593 A.2d 422 (1991), the plaintiffs' seven month delay precludes a transfer of their state law claims pursuant to Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103. I conclude that *Williams* is inapplicable to the present case and that the claims presented here were not transferable under § 5103 regardless of the plaintiffs' delay. The decision of the trial court was correct, albeit for what I believe to have been the wrong reasons.

Where a court makes a correct ruling, order, decision, judgment or decree, but assigns an erroneous reason for its action, an appellate court will affirm the action of the trial court and assign the proper reason therefor. *Taylor v. Churchill Valley Country Club,* 425 Pa. 266, 268, 228 A.2d 768, 769 (1967); *Sherwood v. Elgart,* 383 Pa. 110, 117 A.2d 899 (1955); *Coatesville Development Company v. United Food*

*and Commercial Workers, AFL–CIO,* 374 Pa.Super. 330, 338, 542 A.2d 1380, 1384 (1988). This approach however is only appropriate where the correct basis for the ruling, order, decision, judgment or decree is clear upon the record. *Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 501, 327 A.2d 72, 76 (1974). I would submit that the correct basis for the striking of the transfer praecipe is, indeed, clear upon this record.

The docket entries, along with certified copies of the pleadings and other documents filed in the case of Collins v. Greene County Memorial Hospital, at Civil Action No. 88–967, in the United States District Court for the Western District of Pennsylvania, have been certified from the record by Catherine D. Martrano, Clerk. They were filed of record, on March 19, 1991, at A.D. No. 186 of 1991 in the Court of Common Pleas of Greene County. All of these pleadings were before the trial court when it entertained the hospital's preliminary objections and motion for summary judgment.

Those certified documents reveal that the case originated in federal district court on April 29, 1988 upon the filing of a complaint. Jurisdiction in the court was alleged to be found by virtue of Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e *et seq.* That jurisdictional claim was formally contested in boilerplate defenses by the defendant hospital (Answer to Complaint filed July 1, 1988, Eighth, Twelfth and Fourteenth Defense(s)) and by the defendant doctor (Motion to Dismiss filed July 18, 1988, Sections I and II). In any event, the jurisdictional issue was settled no later than May 22, 1990 when District Judge Gustave Diamond (1) held a hearing on all outstanding motions, (2) denied all outstanding motions to dismiss, and (3) decreed that discovery would be completed within 120 days after the plaintiff's deposition.

The Title VII portion of the action was concluded favorably to the plaintiffs. The amount of the settlement in favor of the plaintiffs is not spread upon the certified record. Nevertheless, that record establishes that, on October 29, 1990, after the case had been in litigation for exactly two and one-half years, the federal district judge awarded attorneys' fees to the

plaintiffs totalling $22,600, along with costs in the amount of $1,082.38. The plaintiffs were the prevailing parties. 42 U.S.C. § 1988. Undated Stipulation of the parties, filed October 29, 1990 at No. 88–967.

On this appeal, my colleagues assume and assert that the action pursued at No. 88–967 was dismissed for lack of jurisdiction. The certified record belies that assertion. In dismissing the plaintiffs' claims which were remaining following the settlement of the Title VII claim, United States District Judge Diamond stated, in pertinent part:

On August 17, 1990, we entered judgement on plaintiff Jean Collins' Title VII claims against defendant ... "Hospital" upon the consent of the parties. Thus, the only claims which remain before us are the plaintiffs' pendant [sic] state claims against the Hospital and against the pendant party ... "Das".

Having given the matter due consideration, *the court will exercise its discretion in favor of dismissing the pendant claims* given that judgment has been entered on the sole claim over which we have independent jurisdiction. First,...., we conclude that *it is inappropriate for us to retain jurisdiction* over claims asserted against defendant Das after judgment has been entered on the claims over which we had independent jurisdiction.... We note also that some of the claims remaining are those asserted by plaintiff Terry Collins, a non-diverse party who has not asserted any federal claims against the defendants. These circumstances, coupled with the entry of judgement on the only federal claims in this suit, convince us that *a decision to not exercise "pendant party jurisdiction"* [sic] over defendant Das *is appropriate.*

Second, *we note that the decision on whether to exercise jurisdiction over pendant claims lies in the sound discretion of the district court....*

Accordingly, for the reasons set forth above, IT IS ORDERED that the plaintiffs' remaining claims against defendant Greene County Memorial Hospital and their claims

against defendant Arunava Das be, and hereby are, dismissed.

s/Gustave Diamond
United States District Judge

Memorandum Order, Diamond, D.J., August 23, 1990, pages 1–3, filed August 24, 1990 at No. 88–967, *certified copy filed* March 19, 1991 at Civil Division A.D. No. 186, 1991 (emphasis added).

There is absolutely nothing in the Memorandum Order itself or in the federal district court docket entries to support an assertion that the case filed at No. 88–967 was dismissed for lack of jurisdiction. To the contrary, Judge Diamond correctly observed that pendent jurisdiction is a doctrine of discretion, and the power in federal courts to hear both state and federal claims, assuming substantiality of the federal issues, need not be exercised in every case in which it is found to exist. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218, 227–28 (1966).

Although Judge Diamond stated, by way of dictum in his Memorandum Order quoted above, that the plaintiffs would not suffer the prejudice of having a statute of limitations problem, following dismissal, in light of 42 Pa.C.S. § 5103(b), there is nothing included in the record to either explain or support that assertion. Moreover, Judge Diamond would have been aware that no one may properly rely upon what the federal district court might say as persuasive on any question of Pennsylvania law so long as our Pennsylvania Supreme Court has not ruled upon the legal question. *Aceto v. Zurich Insurance Company,* 440 F.2d 1320 (3rd Cir.1971).

I conclude, after a careful review of the entire record, that the plaintiffs brought their action in the federal district court, by choice, on April 29, 1988. After two and one-half years of litigation as evidenced by the certified record, the plaintiffs secured a favorable settlement of their Title VII claim. After that claim was settled, Judge Diamond dismissed the remaining claims on August 23, 1990, finding that the further exercise of pendent jurisdiction was not appropriate. The Memo-

randum Order by which Judge Diamond dismissed the pending state claims does not permit an inference that the federal district court found itself to be without jurisdiction. To the contrary, its earlier order of May 22, 1990 dismissing all pending pretrial motions established that the district court deemed itself to have jurisdiction over all the claims then pending.

With these facts as background, this court must then consider the proper application of Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, to the attempted transfer now under review.

The majority would argue that the purpose of the act which they term the Federal–State transfer statute is to obviate the transfer of actions from federal courts where pendent state claims are involved. I have found nothing in the history of this statute to support that claim. To the contrary, the enactment of Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, and its various parts can lead but to one conclusion: From its inception, the statute has been intended to apply only where a case has been erroneously filed in the wrong court.

The present Section 5103(a) first appeared as Section 503(b) of the Appellate Court Jurisdiction Act of 1970. In its original form, the subsection was enacted as follows:

**Section 503. Waiver of Objections to Jurisdiction; Transfer of Cases.**

(a) . . . . .

(b) *If an appeal* or other matter *is erroneously* taken to or *brought in a court which does not have jurisdiction of the appeal* or other matter, *the court* shall not quash such appeal or dismiss the matter, but *shall transfer the record thereof,* at the cost of the appellant, petitioner or plaintiff, *to the proper court* of this Commonwealth, *where the appeal* or other matter *shall be treated as if originally filed* in that court *on the date erroneously filed in the other court.*

Act No. 223 of 1970, P.L. 673, art. V, § 503 at P.L. 679 (formerly 17 P.S. § 211.503) (emphasis added). The language of the subsection makes it clear that Section 503(b), at its

inception, was intended to cover only those cases where a matter had been erroneously lodged in the wrong court.

Prior to the enactment of the Appellate Court Jurisdiction Act, the Second Class Township Law of 1933 contained a similar section that was re-enacted without change in 1947, and has since been incorporated into Section 5103(a). As originally enacted, the 1933 Law contained this section, in its entirety:

**Section 1049. Appeals to the wrong Court.—**

Should any appeal under this article be made *to the wrong court,* such court shall certify the appeal to the court *to which it should have been taken.*

Act No. 69 of 1933, P.L. 103, art. X, § 1049 at P.L. 156, (formerly 53 P.S. § 66049), re-enacted without change, Act No. 567 of 1947, P.L. 1481, Section 15, re-enacting, revising and amending Second Class Township Law Sections 1020 to 1101 inclusive, at P.L. 1558.

Moreover, the 1965 act providing for the transfer of any cause mistakenly appealed to any court from a judgment of a magistrate or justice of the peace compels the same conclusion. The 1965 act, in its entirety, provided:

Section 1. Whenever an appeal from a judgment of a magistrate or justice of the peace is taken to any court *instead of the court to which it should have been taken,* the appeal shall not thereby be lost, but the court to which the appeal was taken shall transfer the cause to the court *to which the appeal should properly have been taken.*

Act No. 156 of 1965, P.L. 298, § 1, (formerly 42 P.S. § 929) (emphasis added).

The 1933/1947 act and the 1965 act set forth above, as well as Section 503 of the Appellate Court Jurisdiction Act of 1970, are all now lodged in Section 5103 of the Judicial Code of 1976, as amended.

Whether we look to the catchlines of the Pamphlet Laws or review the content of each act, only one conclusion seems possible. All of the acts dealing with transfer of matters from one court to another, including the 1933, 1947, 1965, 1970 and

1976 acts, require that a matter be erroneously filed in the wrong court before a transfer is authorized under the act.

The headings prefixed to sections of a statute shall not be considered to control but may be used to aid in the construction thereof. 1 Pa.C.S. § 1924; *Fedor v. Borough of Dormont,* 487 Pa. 249, 254 n. 3, 409 A.2d 334, 337 n. 3 (1979). Each time the legislature has passed legislation affecting Section 5103, it has used the identical catchline: Transfer of erroneously filed matters. *See* Act 1976–142, P.L. 586 at P.L. 695; Act 1978–53 (Judiciary Act Repealer Act), P.L. 202 at P.L. 397; Act 1982–326 (JARA Continuation Act of 1982), P.L. 1409 at P.L. 1422. Even before that more recent history, the legislature spoke only in terms of "Appeals to the Wrong Court", *see* Act 1933–69, P.L. 103 at P.L. 156; Act 1947–567, P.L. 1481 at P.L. 1558; or "Whenever an appeal ... is taken to any court instead of the court to which it should have been taken ..." Act 1965–156, P.L. 298.

In construing Section 5103 of the Judiciary Code, the legislative intent controls. The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of our General Assembly. 1 Pa.C.S. § 1921(a). However, when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

When I turn to the statute in its present form, which has not undergone any change since passage of the JARA Continuation Act of 1982, I find it to be crystal clear and free from any ambiguity.

In the JARA Continuation Act of 1982, Act 1982–326, P.L. 1409, the legislature continued to use the catchline, "Transfer of erroneously filed matters." *See* P.L. 1409 at P.L. 1422. Under both subsection (a) and subsection (b) of Section 5103, the plaintiffs are barred from effecting transfer.

Subsection. (a) of Section 5103 provides, in pertinent part:

**§ 5103. Transfer of erroneously filed matters.**

**(a) General rule.**—*If an* appeal or *other matter is* taken to or *brought in a court* ... of this Commonwealth *which*

*does not have jurisdiction of the* appeal or other *matter,* the court ... shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth.....

42 Pa.C.S. § 5103(a) (emphasis added). I can only read the emphasized clause—"if a matter is brought in a court which does not have jurisdiction"—as a proviso. Provisos shall be construed to limit rather than to extend the operation of the clauses to which they refer. 1 Pa.C.S. § 1924. The right to transfer the record therefor must depend upon the matter having been erroneously filed. Under subsection (a), the plaintiffs on this appeal could not prevail.

When we proceed to examine subsection (b), the same result is dictated. That subsection provides, in pertinent part:

**(b) Federal cases.—**

(1) *Subsection (a) shall also apply to any matter transferred* or remanded *by any United States court for a district embracing any part of this Commonwealth.... Where a matter is filed in any United States court* for a district embracing any part of this Commonwealth *and the matter is dismissed by the United States court for lack of jurisdiction,* any litigant in the matter filed may transfer the matter to a court ... of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

42 Pa.C.S. § 5103(b) (emphasis added). There are two independent reasons contained in subsection (b) militating against a transfer by the plaintiffs in this case. If the matter is transferred by the United States court, itself, subsection (a) is mandatory in its application, thereby bringing into play the proviso discussed above. On the other hand, in order for a litigant to transfer the matter, as may have been attempted in this case, the statute is equally clear that it requires that the matter must have been dismissed for lack of jurisdiction. Again, the proviso in subsection (b) can only be understood to limit rather than to extend the operation of the transferring clause to which it refers. 1 Pa.C.S. § 1924.

I conclude that Section 5103 is only applicable in those situations where it can be established that the action was

originally filed in the wrong court. In this case, extremely competent plaintiffs' counsel elected to file the sexual harassment suit in a federal district court and pursue that venue for two and one half years. Counsel secured a favorable result for their clients. Plaintiffs, in their Appellants' Brief, assert that Judge Diamond entered "a Memorandum Order dismissing Plaintiffs' remaining state claims for lack of subject matter jurisdiction." That assertion simply is not borne out by the plain language of the Order quoted above.

The action was dismissed not for *lack* of jurisdiction but because the federal district court, in proper exercise of its discretion, determined that it would decline to *continue* the exercise of jurisdiction which it had previously found no later than May 22, 1990. The state and federal claims did derive from a common nucleus of operative fact. A review of the complaint filed originally in the federal district court establishes that the claims raised by this suit would ordinarily be expected to be tried in one judicial proceeding. The plaintiffs pled that the physician-defendant had forced the wife-plaintiff to perform an involuntary deviate sexual act, that the hospital-defendant had violated its obligations under the 1964 Civil Rights Act, that the hospital had been negligent in its hiring, placement and supervision of the doctor-defendant, and that the wife-plaintiff had undergone an assault, a battery and intentional infliction of emotional distress, all arising from her attempts to thwart or terminate the sexual harassment. All of the acts complained of involve the relationship between the plaintiffs, the doctor-defendant and the hospital-defendant. Given the substantiality of the federal, civil rights claim set forth in Count I of the complaint filed in the federal district court, there can be no question but that the district court had the *power,* that is to say, the *jurisdiction,* to hear the entire case. *United Mine Workers of America v. Gibbs, supra.*

Section 5103, by its terms, permits a transfer where a "matter is taken to or brought in a court ... *which does not have jurisdiction of the ... matter"*. Here, the action was first brought in the federal district court. Under the law set

forth in *Gibbs,* that court *had* jurisdiction over the matter. Therefore, this case is not included within the scope of § 5103.

This result is further supported by our legislature's use of the term "matter" to describe what may be transferred under this statute. A "matter" is defined to be "an action, proceeding or appeal." 42 Pa.C.S. § 102. An "action" is "[a]ny action at law or in equity." *Id.* A "proceeding" is defined to include "every declaration, petition or other application which may be made to a court under law or usage or under special statutory authority, but the term does not include an action or appeal." *Id.* This legislative language forces the conclusion that § 5103 only provides authority to transfer the entire action as a result of the transferring court's lack of jurisdiction over the entire case. That section does not permit nor does it anticipate the transfer of individual claims. Therefore, even if the Collinses' attempt to transfer via the statute would be considered as having been timely filed, one must conclude on this independent ground, alone, that the transfer was not permitted by the statute.

The parties rely extensively on *Williams v. F.L. Smithe Machine Company, Inc., supra,* for their arguments regarding the existence of a "promptness" requirement. However, *Williams* is inapplicable to this case. There, a transfer from the federal district court to the state court was attempted following the federal court's dismissal for lack of jurisdiction over the case. That dismissal was based upon a lack of diversity between the parties. There was never any question in *Williams* about the lack of jurisdiction. Because the federal court in *Williams* never had jurisdiction over the "matter," that transfer was properly within the terms of Section 5103. Here, the federal court had jurisdiction to enter an order as to all of the claims originally presented to it. Therefore, it cannot be said that the matter was filed with a court that did not have jurisdiction. Accordingly, *Williams* is inapplicable to the instant case.

I began by suggesting that the reasoning set forth by my colleagues presented the potential for future mischief. It must be borne in mind that the only concern of the legislature

in each and all of the separate acts now incorporated into Section 5103 was to provide a vehicle by which cases *mistakenly filed* in the *wrong court* could be transferred to the court in which they should have initially been brought. Common experience should instruct us that the time involved in determining that a court is completely without jurisdiction in a matter is normally relatively short.

The majority would raise the specter of the "need" to file state protective actions. An examination of the statute demonstrates that the legislature has already considered that contingency in the only factual situations intended to be covered by the act. Section 5103(b)(1) already provides that, where a matter has been erroneously filed:

> In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court ... is not required to commence a protective action in a court ... of this Commonwealth. Where a matter is filed in any United States court ... *and the matter is dismissed ... for lack of jurisdiction,* any litigant in the matter filed may transfer the matter to a court ... of this Commonwealth ...

42 Pa.C.S. § 5103(b)(1) (emphasis added). The majority would ignore the clear, oft-repeated proviso that proclaims lack of jurisdiction as the prerequisite for transfer eligibility. I submit that the rules of statutory construction set forth in the Pennsylvania Consolidated Statutes prohibit the result sought by my colleagues.

I earnestly believe that the words of this statute are clear and free from all ambiguity. 1 Pa.C.S. § 1921(b). Even if it could be argued that the words lack clarity—an assertion which I believe is unsupportable—the legislature has declared through the statute's catchline that the object to be obtained is the transfer of *erroneously filed matters.* The mischief to be remedied, originally, was the loss of the right to pursue an appeal because the appeal would have been filed in the wrong tribunal. The former laws on this subject are uniform in declaring that. Consideration of these matters leads to the same conclusion: Section 5103 was never intended to deal with

matters properly filed in a federal district court where the plaintiffs receive a settlement on the federal claim in the district court and then attempt to transfer the balance to the state courts. 1 Pa.C.S. § 1921(c).

No reason is advanced by appellants as to why they elected to attempt a transfer of some of their claims two and one-half years after the suit was originally brought. There has been no suggestion that the plaintiffs were in any way prevented from pursuing all of their claims in the district court. I agree with the appellants that the language of Section 5103 is both clear and unambiguous. In the face of the clear language requiring an erroneous filing, I am at a loss in locating the statutory language undergirding my colleagues' decision.

Because I would determine that the requirement for an erroneous filing has not been met, I do not reach the question of whether the Memorandum Order of Judge Diamond entered August 23, 1990 meets the requirement for a "final judgment of the United States court" as required under subsection (b)(2) of Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103(b)(2).

I would leave to the wisdom and experience of the legislature whether special provisions should be enacted for those plaintiffs who would like to have it both ways. I find the present provisions adequate to protect parties who have mistakenly filed a matter in the wrong tribunal. The order dismissing the praecipe for transfer should indeed be affirmed, not as a result of any promptness analysis but because Section 5103 is inapplicable. The history of the statutory section and its wording demonstrate that it was not intended to be used as the appellants would have this court interpret it. I therefore register my dissent.