640 A.2d 379

**Jean COLLINS, an individual, and Terry Collins, her husband, Appellants,**

v.

**GREENE COUNTY MEMORIAL HOSPITAL, a Corporation, and Arunava Das, M.D., Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 1994.

Decided April 13, 1994.

Reargument Denied May 11, 1994.

Louis M. Tarasi, Jr., David E. Johnson, Tarasi & Johnson, P.C., Pittsburgh, Brian O'Leary, Pittsburgh, for appellants.

Thomas J. Madigan, Cohen & Grigsby, P.C., Pittsburgh, for Greene County Memorial Hosp.

Howard K. Hilner, Pittsburgh, for Arunava Das, M.D.

Before: NIX, C.J., FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE, and MONTEMURO, JJ.

## ORDER

PER CURIAM:

Order affirmed.

PAPADAKOS, J., files a dissenting opinion.

Mr. Justice MONTEMURO is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of Mr. Justice LARSEN, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

PAPADAKOS, Justice, dissenting.

I dissent to the Majority's per curiam affirmance of the order of the Superior Court in this matter because, in my view, this case presents us with the opportunity to settle the question of how quickly a litigant must act when he seeks to transfer his state claims to a state court which were previously part of a federal court proceeding, and which have been dismissed for lack of jurisdiction, and where the litigants wish to transfer their state claims to a state court in order to litigate these claims.

The Superior Court has concluded that Jean Collins and Terry Collins (Appellants) were not "prompt" when they waited seven months to file the certified copy of their complaint, pleadings and final judgment from the district court's dismissal of their action, as well as their Praecipe to Transfer, in the Green County Court of Common Pleas. Consequently, the Superior Court affirmed the trial court's order sustaining the preliminary objections of Green County Memorial Hospital and Arunava Das, M.D. (Appellees) and striking the transfer of the action from the federal district court.

Unfortunately, neither the Superior Court's opinion nor this Court's per curiam order offer any definitive guidance on the question of what constitutes a "prompt" transfer of an action pursuant to 42 Pa.C.S. § 5103 from a federal forum to a state one other than the Superior Court's analogy to the rules developed regarding a writ of summons or complaint which is not served within thirty days. It is true that our cases hold that where a plaintiff commences an action by writ of summons and then cannot perfect service within thirty days by complying with the local rules concerning delivery of the summons to the sheriff within that time, then the failure to make a good faith effort to notify the defendant acts to nullify both the writ of summons and the tolling of any applicable statute of limitations.

However, I, do not read the Superior Court's opinion to be imposing a presumption that the transferred action is "dead" on the thirty-first day, as we have concluded with unserved writs of summons or complaints. In fact, the Superior Court opinion does not specifically adopt a thirty day rule but only concludes that policy reasons justify that a party act "promptly" in transferring his action which has been dismissed for lack of jurisdiction by the federal courts. I would have preferred that we take the opportunity and set a rule for such situations and consider whether there are equitable circumstances which can excuse a delayed filing as well as consider whether the party seeking to dismiss a transfer request based on lateness must also demonstrate that the plaintiff's tardiness has caused him prejudice. Because all of these questions remain unanswered, I believe the per curiam disposition of this appeal does a disservice to the bar and these litigants. Hence, I dissent.