**Rosemary KURZ, Robert Kurz, Sr., Robert Kurz, Jr., Margaret Kurz, Steven Kurz and Shawn Kurz, Appellants,**

**v.**

**John LOCKHART and Anthony Monteleone.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1995.
Decided March 10, 1995.

Neil E. Jokelson, for appellants.

Marie C. Lasota, Asst. City Sol., for appellees.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Robert Kurz, Sr., Rosemary Kurz, Robert Kurz, Jr., Margaret Kurz, Steven Kurz and Shawn Kurz (collectively, the Kurzes) appeal an order of the Philadelphia County Court of Common Pleas (common pleas court) which granted John Lockhart's and Anthony Monteleone's motion for judgment on the pleadings, thereby dismissing the Kurzes' complaint.

In September 1986, the Kurzes filed an action in the United States District Court for the Eastern District of Pennsylvania. Their suit alleged a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, among other claims. The Kurzes' cause of action arose in February 1986 out of a seizure by defendants, including Philadelphia County deputy sheriffs Lockhart and Monteleone, of the Kurzes' motor vehicles, motor vehicle parts and equipment.

Lockhart and Monteleone filed a motion for summary judgment in the district court action, which was granted on December 22, 1988. Judge James McGirr Kelly granted their motion because he determined the Kurzes had not stated a valid federal cause of action against them. Necessarily, the Kurzes could not proceed with any pendent (or supplemental) state law claims. *See Kurz v. Mairone*, No. 86–5587, filed December 22, 1988, 1988 WL 138689. Further, Judge Kelly dismissed the Kurzes' federal action as to the last remaining defendant in an order dated April 20, 1992.

On April 19, 1993, the Kurzes commenced suit against Monteleone and Lockhart by summons in the common pleas court based on the same cause of action as their suit filed in district court. They filed a complaint on July 22, 1993, alleging claims for trespass, conversion, negligence and violation of their state constitutional rights. Monteleone and Lockhart responded by filing preliminary objections. The common pleas court granted the preliminary objections in part and struck that portion of the Kurzes' complaint relating to constitutional rights violations. Thereafter, the common pleas court granted Lockhart's and Monteleone's motion for judgment on the pleadings, deciding that Section 5535 of the Judicial Code (Code), 42 Pa.C.S. § 5535 (a savings statute relating to the "[e]ffect of other actions and proceedings")

barred the Kurzes' cause of action which was subject to the two-year limitation of Section 5524 of the Code, 42 Pa.C.S. § 5524. The Kurzes appealed the common pleas court decision to the Superior Court of Pennsylvania, which transferred the case to this Court.

 The Kurzes raise only one issue on appeal—that is, where they filed a timely action against Monteleone and Lockhart in September 1986 in federal district court, and where their complaint was dismissed on or about April 20, 1992 by that Court, can they bring a state court action within one year of the April 20, 1992 order pursuant to Section 5535 of the Code?[1]

The Kurzes argue that their action in common pleas court was timely because it was brought within one year of the dismissal of the entire case in the federal district court. The Kurzes rely on section 5535 in conjunction with Fed.R.C.P. 54(b) (relating to "[j]udgment upon multiple claims or involving multiple parties") in support of their contention that they did not have to bring suit in common pleas court within one year of December 22, 1988—the date Judge Kelly granted Lockhart's and Monteleone's motion for summary judgment.

Section 5535(a)(1) provides:

(a) **Termination of prior matter.—**

(1) If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.

Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon

an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Kurzes maintain that, taken together, the statutory section and rule of civil procedure cited above establish that they had one year after April 20, 1992—the date Judge Kelly dismissed the federal action as to the last remaining defendant—to initiate a new action in common pleas court. They argue that, since section 5535 of the Code permits a new action to be commenced "within one year after the termination" of the previous cause of action and "since [Rule 54(b)] expressly states the action against any of the defendants is not terminated until there is a final decision with respect to all of the defendants in the action, there can be no termination of the action against [Monteleone and Lockhart] until such time." (Kurzes' brief, p. 9).

We disagree, however, with the Kurzes' interpretation of the procedural posture of this case. Judge Kelly's December 22, 1988 order stated:

AND NOW, this 22nd day of December, 1988, upon consideration of the motion of John Lockhart and Anthony Monteleone for summary judgment against the plaintiffs on the plaintiffs' claims, the response of the plaintiffs thereto, and the oral argument of the parties, for the reasons set forth in the foregoing Memorandum, it is ORDERED that:

1. The motion of John Lockhart and Anthony Monteleone for summary judgment is GRANTED.

**1.** Our scope of review of a grant of a motion for judgment on the pleadings is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Garvey v. Rosanelli,* 144 Pa.Commonwealth Ct. 588, 601 A.2d 1334 (1992).

2. Judgment is entered in favor of defendants John Lockhart and Anthony Monteleone and against plaintiffs Robert Kurz, Sr., Rosemary Kurz, t/a Blue Line Cab, Robert Kurz, Jr., Shawn Kurz, Steven Kurz, and Margaret M. Kurz.

Further, Judge Kelly said in footnote 5 of his opinion that "Plaintiffs' pendent claims under state law against Lockhart and Monteleone, asserted in Count II of plaintiffs' third amended complaint, *will be dismissed in light of the entry of summary judgment against plaintiffs and in favor of Lockhart and Monteleone on plaintiffs' federal claims.*" (Emphasis added).

Therefore, the proper procedure for the Kurzes to have followed was that delineated by Section 5103 of the Code, 42 Pa.C.S. § 5103 (relating to the "[t]ransfer of erroneously filed matters.") This is because Judge Kelly's grant of summary judgment in favor of Monteleone and Lockhart on the RICO claims meant the district court had no jurisdiction over the action and, therefore, it was dismissed. The dismissal of the action as to Monteleone and Lockhart in federal court should have immediately prompted the Kurzes to transfer their suit against Monteleone and Lockhart to state court pursuant to section 5103 rather than file a new suit.

Section 5103 provides:

(a) **General rule.**—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated

as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

(b) **Federal cases.**—

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth *and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth* by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

(Emphasis added.)

[3] In *Collins v. Greene County Memorial Hospital*, 419 Pa. Superior Ct. 519, 615 A.2d 760 (1992), *affirmed* 536 Pa. 475, 640 A.2d 379 (1994), the Pennsylvania Superior Court, pursuant to section 5103, considered a litigant's right "to transfer state claims from a federal district court to a court of common pleas following a judgment by the federal court on a federal claim and dismissal of the

remaining state claims for lack of jurisdiction." *Id.* The Superior Court, affirming the common pleas court's determination that the litigants' seven-month delay in transferring the case to state court violated the promptness requirement implicit in section 5103, held "that litigants must act promptly in transferring their actions which have been dismissed for lack of jurisdiction by the Federal courts." *Id.* 419 Pa. at 525, 615 A.2d at 763. This reasoning is persuasive, and we adopt it.

The result we reach today is not inconsistent with our recent holding in *Maxwell Downs, Incorporated v. City of Philadelphia,* 162 Pa.Commonwealth Ct. 300, 638 A.2d 473 (1994) that the filing of a federal action does not toll the statute of limitations on actions later brought in state court. Instead, our resolution of this matter compels the parties to follow the framework of section 5103 and sets forth a means whereby litigants can avoid running afoul of the limitations period if, when an action is dismissed for lack of jurisdiction by the federal court, they act promptly in effecting a transfer to the state court.

For these reasons, the Kurzes' argument that Section 5535 and Rule 54(b), when read together, establish that they were able to bring their action in state court within one year after Judge Kelly's April 20, 1992 order is inapposite. We hold that the Kurzes were required ·to *transfer* this matter to state court promptly after the district court dismissed the action against Monteleone and Lockhart on December 22, 1988. This the Kurzes certainly did not do.

Accordingly, we affirm the order of the common pleas court on other grounds. *See Kniaz v. Benton Borough,* 112 Pa.Commonwealth Ct. 416, 535 A.2d 308 (1988).

### ORDER

AND NOW, this 10th day of March, 1995, the Order of the Philadelphia County Court of Common Pleas, dated January 23, 1994, No. 2467 April Term, 1993, is affirmed.