DLD-280                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3056
_____

IN RE: BERNARD JACKSON,
Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Civ. No. 08-cv-04685)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
September 1, 2011

Before:   FISHER, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed:  September 21, 2011)
_____

OPINION
_____

PER CURIAM

        Petitioner Bernard Jackson, a state prisoner, filed this petition for writ of

mandamus pursuant to 28 U.S.C. § 1651, seeking an order directing the United States

District Court for the Eastern District of Pennsylvania to rule on his pro se applications

for a preliminary injunction and temporary restraining order, and his response to the

defendants' motion to dismiss.  For the following reasons, we will deny the petition.

Jackson initially sued several prison physicians and correctional officials in federal court on August 15, 2002, alleging a violation of his Eighth Amendment rights with respect to the medical care he had received. In a Memorandum and Order entered on August 2, 2004, the District Court determined, in the main, that Jackson could not show deliberate indifference and thus could not maintain his action under 42 U.S.C. § 1983. See Jackson v. Baddick, 2004 WL 1737635 (E.D. Pa. 2004).[1] The court declined to exercise supplemental jurisdiction over Jackson's state law claims and they were dismissed without prejudice. Jackson appealed to this Court, and we affirmed in C.A. No. 04-3338 on January 19, 2005.

Jackson then filed a civil action in the Montgomery County Court of Common Pleas, see Jackson v. Knauer, No. 2006-08076, in order to press his claim of negligent medical care. He also submitted an in forma pauperis application. The financial application was denied by the state judge in April, 2006 on the merits. Jackson then sought reconsideration of the denial of his in forma pauperis application. The state judge denied reconsideration because Jackson had failed to attach his inmate account statement, and because it appeared that the civil action may have been filed beyond the applicable statute of limitation. A post-judgment motion also was denied. Jackson's state court appeals were unsuccessful.

---

[1] The District Court determined that some of Jackson's section 1983 claims were barred by the applicable statute of limitation.

Jackson returned to federal court to sue State Correctional Institution – Graterford Mail Supervisor Kim Ulisny and numerous John Does, alleging that, in May and June of 2006, they violated his constitutional right of access to the courts by interfering with his efforts to submit a complete state in forma pauperis application, and costing him his negligence action. Jackson also filed a motion for appointment of counsel.

The correctional defendants filed a motion to dismiss the complaint, arguing, in pertinent part, that Jackson's access to the courts claim was (1) barred by the two-year statute of limitation applicable to it because it was not initiated until September, 2008; and (2) meritless because he could not show actual injury. Jackson's state negligence action could not be maintained. It was untimely because Jackson had failed to comply with the requirements of the transfer statute, see Kurz v. Lockhart, 656 A.2d 160, 164 (Pa. Commw. Ct. 1995) ("Litigants must act promptly [under 42 Pa. Cons. Stat. Ann. § 5103(b)(2)] in transferring their actions which have been dismissed for lack of jurisdiction by federal courts."). The defendants also argued that Ulisny could not be sued under a theory of respondeat superior, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

On February 9, 2009, the District Court ordered the Clerk of Court to attempt to find counsel to represent Jackson. On December 4, 2009, after those efforts were not successful, the District Court ordered Jackson to respond pro se to the defendants' motion to dismiss. Jackson then filed a motion for initial disclosure under Fed. R. Civ. Pro. 26(a)(1), to which the defendants timely responded. In an order entered on January 13,

3

2010, the District Court denied Jackson's motion as barred by Rule 26(a)(1)(B)(iv) (action brought pro se by person in federal or state custody is exempt from initial disclosure).

On January 21, 2010, Jackson filed his pro se response in opposition to the defendants' motion to dismiss. On February 16, 2010, Jackson filed a motion for a preliminary injunction, seeking to prevent his transfer to a facility in Virginia. On April 26, 2010, after the transfer had taken place, Jackson filed a motion for a temporary restraining order, seeking a transfer back to SCI-Graterford.

With no response to his motions or any action in his case at all for over a year, Jackson filed the instant petition for writ of mandamus in this Court on August 2, 2011, alleging extraordinary delay in the adjudication of his case below. He served the petition on the defendants. However, since the filing of this mandamus petition (and perhaps because of it), the defendants, on August 17, 2011, have filed written opposition to Jackson's motions for a preliminary injunction and temporary restraining order, arguing that inmates have no constitutional right to be incarcerated in any particular institution, Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this

4

extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Although there was no activity in Jackson's case for over a year before he filed this mandamus petition, we do not find a failure to exercise jurisdiction in his case. From the time the action was filed in September, 2008 until Jackson filed his pro se response in opposition to the defendants' motion to dismiss in January, 2010, the only delay in the case was attributable to the Clerk's unsuccessful efforts to locate counsel for Jackson. The District Court promptly responded to Jackson's motion for appointment of counsel, promptly disposed of his motion for initial disclosure, and timely addressed the eventual need for him to handle his own case.

As to what remains outstanding, Jackson's motion for a preliminary injunction, seeking to bar the transfer to Virginia, was rendered moot (by the actual transfer) within a short time after the motion was filed. Jackson should have withdrawn the motion. In addition, now that the defendants have at last responded to Jackson's motion for a temporary restraining order (seeking his return to Pennsylvania), we are confident that the District Court will promptly dispose of it. We will not now order the District Court to

5

rule on the defendants' motion to dismiss either, because there has been movement in the case since Jackson filed this mandamus petition. Although the motion to dismiss has been ripe for decision since January, 2010, Jackson filed two interlocutory motions after he filed his pro se response in opposition to the motion, which the defendants have only now answered. Furthermore, Jackson does not allege that the delay in his case was purposeful or pursuant to a policy of discrimination, cf. Prantil v. California, 843 F.2d 314, 319 (9th Cir. 1988). Thus, we conclude that there is no basis here for an extraordinary remedy.

For the foregoing reasons, we will deny the petition for writ of mandamus.