**Rose CONSTANTINO, Appellant,**

**v.**

**The UNIVERSITY OF PITTSBURGH, Ann Yurick, Karen Molcan and The University of Pittsburgh Medical Center.**

Superior Court of Pennsylvania.

Argued Sept. 20, 2000.

Filed Jan. 4, 2001.

Robert J. Ridge, Pittsburgh, for appellant.

Martha H. Munsch, Pittsburgh, for The University of Pittsburgh, appellee.

Richard S. Dorfzaun, Pittsburgh, for The University of Pittsburgh Medical Center, appellee.

Before POPOVICH, FORD ELLIOTT, and BECK, JJ.

FORD ELLIOTT, J.:

¶ 1 This is an appeal from an order sustaining appellees' preliminary objections and dismissing appellant's complaint. We affirm. A summary of the factual and procedural history of the case follows.

¶ 2 Appellant is a faculty member at appellee University of Pittsburgh's (University's) School of Nursing. In 1996, appellant's duties included supervising students engaged in clinical work at WPIC, a healthcare facility owned and operated by appellee University of Pittsburgh Medical Center (Medical Center). Appellee Karen Molcan (Molcan) was the clinical administrator of in-patient services at WPIC whose duties at the time included evaluating appellant's performance at WPIC. On February 16, 1996, Molcan wrote a letter to Ellen Rudy, Dean of the School of Nursing, in which Molcan stated:

> It is with regret that I am requesting the permanent removal of Dr. Rose Constantino from WPIC as a Clinical Instructor for Pitt's undergraduate nursing students. Several incidents have surfaced over the past month with Dr. Constantino that are problematic for the operation of WPIC's inpatient units. Each of these incidents were reviewed with Dr. John Clochesy earlier this week.

R.R. at 18a.

¶ 3 Appellee Ann Yurick (Yurick), the chairperson of the academic department in the School of Nursing to which appellant was assigned, received a copy of Molcan's letter. As a result of the letter, on February 27, 1996, Yurick sent a letter to Dr. Pamela Hepple, chairperson of the Dean's Distinguished Award Committee (Award Committee) for the School of Nursing, which provided:

> This letter is written as an addendum to my letter addressed to you and the Award Committe[e] on February 5, 1996. Very recently, I was made aware of some problems with Dr. Constantino

and the clinical site in which she teaches the undergraduate junior students in psychiatric mental health nursing and two senior students who are enrolled in the Transitions course. While I am not free to divulge the nature of these problems, I feel obligated to inform you that problems with Dr. Constantino's clinical teaching have been reported. As a result, an administrative decision was made to have another faculty assume responsibility for teaching the students in the Transitions course for the remainder of the term. Clinical teaching is the major component of Dr. Constanti[no]'s teaching assignment. Thank you for reviewing this letter with the one previously submitted.

*Id.* at 19a.

¶ 4 On February 7, 1997, after appellant did not receive the teaching award, she filed a complaint against all appellees in the United States District Court for the Western District of Pennsylvania, alleging both a violation of her civil rights pursuant to 42 U.S.C. § 1983 and state law defamation.[1] Appellees filed a motion to dismiss based on appellant's alleged failure to state any claims upon which relief could be granted. (R.R. at 20a–22a.) On October 23, 1997, the district court dismissed appellant's complaint, adopting the magistrate judge's report which found no infringement of a constitutional right for purposes of stating a claim under § 1983 and therefore also found no federal jurisdiction over the pendent state law claims. Appellant timely filed an appeal to the Third Circuit Court of Appeals on October 27, 1997.

¶ 5 While that appeal was pending, appellant filed a praecipe to transfer the state law defamation claims to state court on February 6, 1998. Appellees filed preliminary objections, claiming first that the trial court lacked subject matter jurisdiction because appellant's praecipe to transfer was time-barred, appellant having

---

1. According to appellees, appellant originally filed her complaint in state court; however, appellees removed the action to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (R.R. at 45a.)

failed to seek transfer in a timely manner. Additionally, appellees claimed that neither appellant's federal nor state law counts stated claims upon which relief could be granted. (R.R. at 42a–44a.) Appellees then requested a stay in the state court proceedings pending disposition of the appeal in federal court, and the trial court so ordered on April 2, 1998.

¶ 6 On December 15, 1999, appellees having received notice that the U.S. Supreme Court denied *certiorari* after the court of appeals affirmed the dismissal of appellant's case, appellees filed a motion to lift stay and to list their preliminary objections for argument in state court. The trial court granted the motion, and, after giving the parties an opportunity to present their arguments, sustained appellees' preliminary objections and dismissed appellant's complaint. The trial court based the dismissal on its finding that appellant untimely transferred the case to state court, and also on its finding that appellant failed to state a claim for defamation on which relief could be granted.[2] (Trial court opinion, 2/11/00 at 5–8.) This timely appeal followed.

¶ 7 Appellant raises the following issues on appeal:

1. Whether the Trial Court erred in sustaining [appellees'] Preliminary Objections and holding that [appellant's] federal case was not timely transferred to the state court.

2. Whether the Trial Court erred in sustaining [appellees'] Preliminary Objections and holding that the Complaint did not state causes of action for defamation.

3. Whether the Trial Court erred in finding that [appellees] were entitled to the affirmative defense of privilege for the alleged defamatory statements in Counts ll and lll of the Complaint.

Appellant's brief at 2.

▮▮▮▮ ¶ 8 "When sustaining a preliminary objection would result in dismissal of an action, the objection should be sustained only in cases which are free from doubt." *Engle v. Engle*, 412 Pa.Super. 425, 603 A.2d 654, 657 (1992) (citation omitted). "In deciding whether to sustain or deny preliminary objections as to jurisdiction, the court must consider the evidence in the light most favorable to the non-moving party." *Id.*, 603 A.2d at 657, citing *Kenneth H. Oaks, Ltd. v. Josephson*, 390 Pa.Super. 103, 568 A.2d 215, 216 (1989).

▮▮▮▮ ¶ 9 Similarly, "[a] preliminary objection in the nature of a demurrer tests the legal sufficiency of the complaint." *Smith v. Wagner*, 403 Pa.Super. 316, 588 A.2d 1308, 1310 (1991). Our standard of review is well established:

When reviewing an order granting preliminary objections in the nature of a demurrer, an appellate court applies the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer.

*Jackson v. Garland*, 424 Pa.Super. 378, 622 A.2d 969, 970 (1993) (citations omitted).

▮▮▮ ¶ 10 We address first appellant's claim that the trial court erred when it found the transfer of appellant's case from federal to state court untimely. Appellant praeciped to transfer her case on February 6, 1998, approximately 105 days after

---

**2.** The trial court also concluded that the federal claims were barred by the doctrine of *res judicata*. (Trial court opinion, 2/11/00 at 5.)

the district court dismissed her case, but before the court of appeals affirmed the district court and the Supreme Court denied *certiorari*. The statute governing such transfers is found at 42 Pa.C.S.A. § 5103(b), which provides in pertinent part:

> (1) .... Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

> (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth.

*Id.*

¶ 11 This court has previously held that § 5103 requires litigants to act promptly in effectuating a transfer of a federal case which has been dismissed for jurisdictional reasons. *Ferrari v. Antonacci*, 456 Pa.Super. 54, 689 A.2d 320, 323 (1997), *appeal denied*, 548 Pa. 670, 698 A.2d 594 (1997), citing *Collins v. Greene County Memorial Hospital*, 419 Pa.Super. 519, 615 A.2d 760 (1992), *affirmed*, 536 Pa. 475, 640 A.2d 379 (1994), *cert. denied*, 513 U.S. 943, 115 S.Ct. 350, 130 L.Ed.2d 306 (1994). While this court has twice called for the legislature to include a specific time requirement in the provisions of § 5103, the legislature has not responded. *Ferrari*, 689 A.2d at 323, citing *Collins*, 615 A.2d at 763. *See also Williams v. F.L. Smithe Machine Co.*, 395

Pa.Super. 511, 577 A.2d 907, 909 n. 1 (1990), *appeal denied*, 527 Pa. 650, 593 A.2d 422 (1991). Nevertheless, in *Collins*, this court found untimely a nearly seven-month delay between dismissal of the federal court action and the Collins' praecipe to transfer the case to state court. *Collins*, 615 A.2d at 762. Likewise, in *Ferrari*, this court found untimely a delay of almost one year between the federal court dismissal and the state court filing. *Ferrari*, 689 A.2d at 323.

¶ 12 As appellant correctly points out, however, none of the cases on which either the trial court or appellees rely involve the present situation, wherein the federal case was still pending on appeal at the time of transfer. *See* appellant's brief at 10, citing *Ferrari, supra; Kurz v. Lockhart*, 656 A.2d 160 (Pa.Commw.1995), *appeal denied*, 544 Pa. 649, 664 A.2d 977 (1995); *Collins, supra; Williams, supra; United Erectors v. Pratt & Lambert Corp.*, 338 Pa.Super. 577, 488 A.2d 43 (1985). The case on which appellant relies, in contrast, is factually similar to this case but did not address the timeliness question. In *O'Neill v. City of Philadelphia*, 711 A.2d 544 (Pa. Commw.1998), *appeal denied, application granted*, 556 Pa. 681, 727 A.2d 134 (1998), our sister court merely noted that appellants transferred their case to state court pursuant to § 5103(b) after the Supreme Court denied their petition for *certiorari*. *Id.* at 546.

¶ 13 We are constrained to disagree with the trial court's dismissal of appellant's complaint based on a perceived violation of the § 5103 timeliness requirement. We find guidance in the facts of *O'Neill*. It seems to us that the uncertainty resulting from the pending appeal, as well as the lack of necessity for proceeding in state court in the event the court of appeals reversed the federal dismissal, provides an explanation for the delay. Furthermore, appellees cannot claim prejudice, having no reason to believe the case had terminated since the appeal was still pending. As

a result, we turn to the issues relating to appellant's state law claims for defamation.

¶ 14 The law of defamation has been codified at 42 Pa.C.S.A. § 8343, which provides in pertinent part:

### § 8343. Burden of proof

**(a) Burden of plaintiff.**—In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

42 Pa.C.S.A. § 8343(a).

¶ 15 We have previously held that "[d]efamation is a communication which tends to harm an individual's reputation so as to lower him or her in the estimation of the community or deter third persons from associating or dealing with him or her." *Elia v. Erie Insurance Exchange*, 430 Pa.Super. 384, 634 A.2d 657, 660 (1993), *appeal denied*, 537 Pa. 662, 644 A.2d 1200 (1994), citing *Zartman v. Lehigh County Humane Soc.*, 333 Pa.Super. 245, 482 A.2d 266 (1984). Only statements of fact, not expressions of opinion, can support an action in defamation. *Elia*, 634 A.2d at 660, citing *Baker v. Lafayette College*, 350 Pa.Super. 68, 504 A.2d 247 (1986), *affirmed*, 516 Pa. 291, 532 A.2d 399 (1987).

¶ 16 It is for the trial court to determine as a matter of law whether a statement is one of fact or opinion, as well as to determine whether a challenged statement is capable of having defamatory meaning. *Elia*, 634 A.2d at 660, citing *Braig v. Field Communications*, 310 Pa.Super. 569, 456 A.2d 1366 (1983), *cert. denied*, 466 U.S. 970, 104 S.Ct. 2341, 80 L.Ed.2d 816 (1984). "A communication is ... defamatory if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession." *Maier v. Maretti*, 448 Pa.Super. 276, 671 A.2d 701, 704 (1995), *appeal denied*, 548 Pa. 637, 694 A.2d 622 (1997), citing *Gordon v. Lancaster Osteopathic Hospital Association*, 340 Pa.Super. 253, 489 A.2d 1364 (1985). Additionally, the court should "consider the effect the statement would fairly produce, or the impression it would naturally engender, in the minds of average persons among whom it is intended to circulate." *Maier*, 671 A.2d at 704, citing *Rybas v. Wapner*, 311 Pa.Super. 50, 457 A.2d 108 (1983).

¶ 17 In this case, the trial court found that the statements that appellees Molcan and Yurick made in their letters, set forth *supra*, were not capable of defamatory meaning. (Trial court opinion, 2/11/00 at 6–7; R.R. at 18a, 19a.) The letters ascribed to appellant conduct of an unspecified nature that made her unfit for her job as a clinical instructor, an admittedly major component of her teaching assignment. (*See* Molcan letter, R.R. at 18a; Yurick letter, R.R. at 19a.) The letters in this case were, however, directed to a particular audience whose professional duties included evaluating employees' performance and assessing their merit as teachers; therefore, this audience would not as likely be affected by any derogatory inference in the letters as might the public at large. *See Beckman v. Dunn*, 419 A.2d 583, 586 (Pa.Super.1980) (the nature of the audience hearing the remarks critical factor in considering whether a communication is capable of defamatory meaning). Furthermore, while the letters did not specify the precise nature of appellant's alleged problems, without rampant speculation nothing in the letters could be considered capable of disgracing appellant by lowering her reputation among the letters' recipients or deterring them from associat-

ing with her. *Id.*, citing *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 408 Pa. 314, 182 A.2d 751 (1962); *Vitteck v. Washington Broadcasting Co.*, 256 Pa.Super. 427, 389 A.2d 1197 (1978). *See also Maier*, 671 A.2d at 704–705 (collecting cases finding far more egregious statements incapable of defamatory meaning).

¶ 18 Having concluded that the trial court did not err in finding the statements at issue in this case incapable of defamatory meaning, we therefore find that the trial court properly dismissed the complaint because appellant failed to state a claim upon which relief could be granted. As a result, we need not address the issue of privilege.

¶ 19 Affirmed.