J-A07037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DANNY ISIMINGER, INDIVIDUALLY AND TDBA ISIMINGER'S TOWING SERVICE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRENDA DAVIS | |
| Appellee | No. 1351 WDA 2014 |

Appeal from the Order Entered July 30, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): No. 2011-4478

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                      **FILED APRIL 06, 2015**

Appellant, Danny Isiminger, individually and tdba Isiminger's Towing

Service, appeals from the July 30, 2014 order, which denied Appellant's

motion for summary judgment and granted the motion for judgment on the

pleadings filed by Appellee, Brenda Davis.[1]  After careful review, we affirm.

---

[1] The denial of a motion for summary judgment is interlocutory and generally not appealable. **Aubrey v. Precision Airmotive LLC**, 7A.3d 256, 261 (Pa. Super. 2010), *appeal denied*, 42 A.3d 289 (Pa. 2012).  However, "interlocutory orders … become reviewable on appeal upon the trial court's entry of a final order[.]" **Quinn v. Bupp**, 955 A.2d 1014, 1020 (Pa. Super. 2008), *appeal denied*, 989 A.2d 918 (Pa. 2009).  In this case, the order in question contemporaneously denied Appellant's motion for summary judgment and granted Davis' motion for judgment on the pleadings. Therefore, we have jurisdiction to review the denial of the summary judgment motion. **See id.**

We recount the factual and procedural history of this case, as gleaned from the certified record, as follows. Appellant is the owner of Isiminger's Towing Service and contracted with the City of Washington to provide towing services. Appellant's Complaint, 7/6/11, at 1, ¶ 2.[2] The contract became effective on April 9, 2011 and was to terminate on October 31, 2012, unless the parties agreed to renew the contract prior to that date. *Id.* at Exhibit A (Contract for Towing Services at 3 ¶ 9). Prior to entering the contract that is the subject of this appeal, Appellant was also contracted to provide towing services for the City of Washington for the previous four years. *Id.* at 9, ¶ 29. In 2011, Davis ran for mayor in the City of Washington, and Appellant claimed that Davis made several public comments attacking Appellant's towing business. *Id.* at 2, ¶¶ 5, 8. The comments Appellant claimed Davis made relate to the length of time police officers wait for a tow truck after pulling over a vehicle. *Id.* at ¶ 8. Appellant also claimed Davis publicly suggested looking to other towing companies to provide the service to the city at the expiration of Appellant's contract. *Id.*

On July 7, 2011, Appellant filed a civil complaint against Davis alleging defamation and interference with contractual relations. *Id.* at 4-13. On July

_____

[2] Appellant's complaint does not contain pagination. For ease of reference, we have assigned each page a corresponding page number. Further, Appellant's contract, appended to his complaint at Exhibit A, and Appellant's petition for reconsideration also do not contain pagination. We likewise have assigned corresponding page numbers when referencing these filings.

27, 2011, Davis filed an answer to the complaint, and Appellant filed a timely response thereto. On March 6, 2014, Davis submitted a motion for judgment on the pleadings to the trial court, and Appellant submitted a motion for summary judgment. The trial court, by separate orders, directed Appellant and Davis to file memoranda in support of and opposing the respective motions, and both parties timely complied. The trial court held one hearing on both motions, and on April 11, 2014, the trial court filed an opinion in which it entered judgment in favor of Davis and denied Appellant's motion for summary judgment as to all claims. Trial Court Opinion, 4/11/14, at 1-5.

Thereafter, Appellant filed a motion for reconsideration and request for entry of summary judgment on April 21, 2014. Davis filed a response to the motion on April 22, 2014, and at that time, she also filed a formal answer to Appellant's original motion for summary judgment. The trial court expressly granted the request to reconsider its prior ruling on the issue of defamation, scheduled a hearing, and set out a new briefing schedule. Trial Court Order, 4/25/14. On July 30, 2014, the trial court denied Appellant's request and reaffirmed its April 11, 2014 ruling. Trial Court Opinion, 7/30/14, at 1-3. Appellant filed the instant, timely appeal on August 14, 2014.[3]

On appeal, Appellant raises the following issues for our review.

_____

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

I.  Whether the lower court erred in not granting Appellant's motion for summary judgment when Appellee did not respond within thirty (30) days as proscribed by Pa.R.A.C.P. 1035[?]

II.  Whether the lower court erred in applying the law dismissing statements made by the Appellee towards a professional businessman as slanderous per se and dismissing the action in that the statements were "mildly critical"[?]

III.  Whether there was an obligation on the part of the lower court to inform the parties of a potential conflict or is it the responsibility of the parties to investigate the presiding judge[?]

Appellant's Brief at 4.

In Appellant's first issue, he argues the trial court erred in denying Appellant's motion for summary judgment because "[t]he [trial] court was [] mandated to enter [s]ummary [j]udgment against [Davis] for failure to reply under the Pa. Rules of Civil Procedure." *Id.* at 9-10. When deciding a challenge to a trial court's disposition on a motion for summary judgment, the following principles guide our review.

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against

- 4 -

the moving party.  Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

***Yorty v. P.J.M. Interconnection, L.L.C.***, 79 A.3d 655, 662 (Pa. Super. 2013) (citation omitted).

As noted, Appellant argues, "the [s]ummary [j]udgment [m]otion should have been granted for [Davis'] failure to file a response pursuant to [] Pa.R.C.P. 1053.3[.]"  Appellant's Brief at 11.  For the following reasons, we conclude Appellant is not entitled to relief on this issue.

Rule 1053.3 governs responses to motions for summary judgment and provides as follows.

> **Rule 1035.3.  Response.  Judgment for Failure to Respond**
>
> (a) Except as provided in subdivision (e) the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
>
>> (1) one or more issues of fact arising from evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>>
>> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
>
> (b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion

and any action proposed to be taken by the party to present such evidence.

(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

(d) Summary judgment **may** be entered against a party who does not respond.

(e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.

(2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in a written opinion on the record.

Pa.R.C.P. 1035.3 (emphasis added). Moreover, the explanatory comment to the rule clarifies that "[t]he Rule permits entry of judgment for failure to respond to the motion but does not require it." *Id.* at cmt.

In the instant case, Appellant presented his motion for summary judgment to the court on March 6, 2014, the same day as Davis submitted her motion for judgment on the pleadings. Davis timely filed her brief in opposition to the summary judgment motion on April 2, 2014, yet she did not file a formal answer to the motion until April 22, 2014, patently exceeding the thirty-day period for filing her answer.

The trial court addressed Appellant's argument in its Rule 1925 opinion as follows.

The [trial c]ourt finds that [] [Davis] did respond to the [motion for summary judgment]. The [motions for judgment on the pleadings and summary judgment] were presented simultaneously to th[e trial c]ourt on March 6, 2014, where the parties requested an argument date. In the [motion for judgment on the pleadings], [Davis] argues that the facts within the pleadings did not prove that the alleged statements were defamatory in character. Further, [Davis] filed a [b]rief in [o]pposition to the [motion for summary judgment] on April 9, 2014. [] Appellant was clearly on notice of the alleged defenses and was in no way prejudiced. In this matter, the [trial c]ourt's decision was based on the alleged statements, which were concluded to be not defamatory in character. The [motion for judgment on the pleadings] and brief in response to the [motion for summary judgment] specifically raised and addressed those issues.

…

It is clearly within the [trial c]ourt's discretion to grant summary judgment for failure to respond. Even if, *arguendo*, this [c]ourt had found that [Davis] failed to timely respond to the [motion for summary judgment], it would not have been granted. The [trial c]ourt reviewed the pleadings in the light most favorable to [] Appellant and determined that the alleged statements made by [Davis] could not be construed as defamatory. Thus, [] Appellant failed to plead a *prima facie* case of defamation. As such, granting summary judgment would have been inappropriate and contrary to its purpose.

Trial Court Opinion, 10/27/14, at 6-7.

The text and explanatory comment of Rule 1035.3 unequivocally state that a trial court **may** grant summary judgment against a party who fails to respond to the motion, but such is not required by the rule. Pa.R.C.P.

- 7 -

1035.3(d); *Id.* at cmt. Therefore, Appellant's claim is meritless, as the trial court was not required to grant Appellant's motion for summary judgment based on Davis' failure to file her answer to the motion within thirty days. *See id*. Accordingly, the trial court did not err when it did not grant Appellant's summary judgment motion based on Davis' failure to timely answer said motion. *See Yorty*, *supra*.

Furthermore, the rule also explicitly gives the trial court the authority to rule on the motion for summary judgment without a written response if no party is prejudiced, *i.e.*, if there has been a full and fair opportunity to oppose the motion for summary judgment. Pa.R.C.P. 1035.3(e). The trial court found the brief in opposition to summary judgment and the motion for judgment on the pleadings filed by Davis were responsive to Appellant's motion for summary judgment. Trial Court Opinion, 10/27/14, at 6. The record demonstrates Davis was given a full and fair opportunity to respond to Appellant's motion for summary judgment and specifically addressed Appellant's arguments in her brief opposing the summary judgment motion and her own motion for judgment on the pleadings, which were simultaneously argued to and decided by the trial court. As such, we conclude the trial court did not commit an error of law or abuse its discretion when it denied Appellant's summary judgment motion based on a finding that Davis timely responded to the motion. *See* Pa.R.C.P. 1035.3; *Yorty*, *supra*.

Appellant next argues, "[t]he [trial] court [] erred in its application of the law … to the judgment on the pleadings." Appellant's Brief at 15-16. Specifically, Appellant contends, "[t]he court erred in applying the law and abused its discretion in determining the statements made by [Davis] were not defamatory and not capable of defamatory meaning …" *Id.* at 11-12. Further, Appellant claims the trial court erred "in not finding actual malice." *Id.* at 12.

When considering the grant of a motion for judgment on the pleadings, we adhere to the following standard of review.

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there is no disputed issues of fact[,] and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the

case is so free from doubt that the trial would clearly be a fruitless exercise.

***Sw. Energy Prod. Co. v. Forest Res., LLC.***, 83 A.3d 177, 185 (Pa. Super. 2013) (citation omitted), *appeal denied*, 96 A.3d 1029 (Pa. 2014).

We now proceed to determine whether Davis' right to succeed against Appellant was certain. If it was, then the trial court's action was proper. ***See id.*** In a defamation case, the plaintiff has the burden of proof on the following elements.

### § 8343. Burden of proof

**(a) Burden of plaintiff.--**In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

> (1) The defamatory character of the communication.
>
> (2) Its publication by the defendant.
>
> (3) Its application to the plaintiff.
>
> (4) The understanding by the recipient of its defamatory meaning.
>
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
>
> (6) Special harm resulting to the plaintiff from its publication.
>
> (7) Abuse of a conditionally privileged occasion.
>
> …

42 Pa.C.S.A. § 8343(a).

In this case, the trial court found Appellant did not meet his burden because the statements purportedly made by Davis "were not capable of a defamatory meaning." Trial Court Opinion, 4/11/14, at 4; Trial Court Opinion, 10/27/14, at 12. "It is the function of the trial court to determine, in the first instance, whether the communication complained of is capable of defamatory meaning." *Kurowski v. Burroughs*, 994 A.2d 611, 616 (Pa. Super. 2011) (citations omitted), *appeal denied*, 12 A.3d 752. "If the court determines that the challenged [communication] is not capable of a defamatory meaning, there is no basis for the matter to proceed to trial." *Weber v. Lancaster Newspapers, Inc.*, 878, A2d 63, 78 (Pa. Super. 2005) (citation omitted), *appeal denied*, 903 A.2d 539 (Pa. 2006). The determination of whether a statement is defamatory turns on "if it tends to harm the reputation of another so as to lower him in the estimation of the community or deter third persons from associating or dealing with him." *Id.* (citations omitted). Further, when considering whether a communication is slanderous, "the Court must determine the effect of the communication in the minds of average people amongst whom the communication is intended to circulate." *Reardon v. Allegheny Coll.*, 926 A.2d 477, 484 (Pa. Super. 2007) (citation omitted). A statement is "defamatory if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his business." *Constantino v. Univ. of Pittsburgh*, 766 A.2d 1265, 1270 (Pa. Super. 2001) (citation omitted), "It

is not enough that the victim of the [statements] … be embarrassed or annoyed, he must have suffered the kind of harm which grievously fractured his standing in the community." ***Kurowski***, ***supra*** at 617-618 (citations omitted).

Appellant specifically alleged Davis made the following statements.

>  A.  [A]t the first mayoral debate [Davis] said words to the effect that:
>
>> [W]e needed to look at our vendors.  Our city police department our officers pulling someone over are waiting one hour to one and one half hours to tow a vehicle away;
>
> B. at the second mayoral debate [Davis] said words to the effect that:
>
>> I have ideas city vendors and services need to be looked at.  City police officers are sometimes waiting one hour to one and one half hours for a tow truck to show up; and
>
> C.  at a meeting of City Council [Davis] said words to the effect that:
>
>> The city towing contract should not be extended and should be advertised so that the best possible person is serving the City and suggested two other towers who were allegedly in the city.

Appellant's Complaint, 7/6/11, at 3, ¶ 8.

Applying the above principles to the alleged statements, we agree with the trial court that they are incapable of carrying defamatory meaning.  With regard to the first two comments, it cannot be concluded, as a matter of

law, that "sometimes" an hour to one and one-half hour delay for a tow truck to arrive would result in the type of harm that would grievously fracture Appellant's standing in the community. *See Kurowski*, *supra* at 617-618. Nor can their effect on the average person hearing such communication be that Appellant is incapable of properly conducting his business, *i.e.*, towing vehicles. *See Reardon*, *supra*; *Constantino*, *supra*. Further, regarding the third alleged statement, the suggestion that the city should advertise the towing contract in order to find the best service provider does not ascribe any conduct, character, or condition to Appellant, much less such conduct, character, or condition that would adversely affect his fitness for the proper conduct of his business. *See Constantino*, *supra*. Accordingly, we conclude the trial court properly granted Davis' motion for judgment on the pleadings, as permitting these claims to proceed to trial would be a fruitless exercise.[4] *See Sw. Energy Prod. Co.*, *supra*.

_____

[4] Because we conclude the statements were not defamatory, we need not analyze whether the statements sufficiently identified Appellant as the subject. *See Weber*, *supra*. (observing that it is the function of the trial court to first determine if the challenged statements are defamatory, and if they are not, there is no basis for the case to proceed). Likewise, whether or not Davis made the alleged statements with malice is not relevant, given our determination that the statements are not defamatory. *See id.* However, we observe Appellant is a private figure; therefore, Appellant was not required to prove the comments were made with actual malice. *See Norton v. Glenn*, 860 A.2d 48, 56 (Pa. 2004) (concluding, "the U.S. Supreme Court has, pursuant to the actual malice standard, provided considerable protection to defendants in defamation actions filed by public
*(Footnote Continued Next Page)*

In Appellant's final issue on appeal, he suggests that the trial court should have disclosed to Appellant a "potential conflict" that would be material to Appellant in considering whether to file a motion for recusal. Appellant's Brief at 20.

Initially, "[w]e recognize that our trial judges are honorable, fair, and competent, and although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially." *In re A.D.*, 93 A.3d 888, 892 (Pa. Super. 2014) (internal quotation marks and citation omitted).

However, before we address Appellant's claim, we first address the argument by Davis and the trial court that Appellant failed to preserve this issue for review. Davis' Brief at 11; Trial Court Opinion, 10/27/14, at 8. It is fundamental that "only issues properly presented in the lower court are preserved for appeal." *Coulter v. Ramsden*, 94 A.3d 1080, 1089 (Pa. Super. 2014), *appeal denied*, --- A.3d ---, 2014 WL 6978349 (Pa. 2014); *accord* Pa.R.A.P. 302(a). Moreover, "[a] party seeking recusal or disqualification [is required] to raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." *In Re Lokuta*, 11 A.3d 427, 437 (Pa. 2011). Indeed, "[i]t is the duty of the

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

officials and public figures[]" and declining to abandon the standard in Pennsylvania).

party asserting disqualification to file the petition in a timely fashion." ***Coulter***, ***supra*** (citation omitted).

In this case, Appellant notes, "[s]ubsequent to the entry of the [trial c]ourt's decision several things came to light raised in a [p]etition for [r]econsideration." Appellant's Brief at 19. In Appellant's petition for reconsideration, he alerted the trial court to this potential conflict as follows.

> 11. Subsequent to the entry of the [trial c]ourt's decision[,] several things came to light which [Appellant] must also raise and place on the record, namely:
>
> > A. [Davis] specifically requested to have the issuing jurist swear [her] in when she took her oath of office;
> >
> > B. [Davis'] attorney was the campaign chairperson for the issuing jurist's husband's judicial campaign;
> >
> > C. [Davis'] attorney may have also contributed the issuing jurist's husband's campaign.
>
> All of which when taken as a whole leads to an appearance of impropriety[.] In that this jurist has the case on her docket. The [trial c]ourt was so aware[,] never [i]ndicating the same and [Appellant] was not.
>
> 12. A newspaper article subsequent to said decision indicates said counsel and his client "expected to win all along" and that "[Davis] never mentioned them by name. …
>
> 13. Counsel apparently knew of the various conflicts and never mentioning someone by name is clearly not the law ….
>
> …

- 15 -

Wherefore, [Appellant] requests for all of the aforementioned reasons the [trial c]ourt reconsider its decision and enter [s]ummary [j]udgment against [Davis].

Appellant's Petition for Reconsideration, 4/21/14, at 4-5.

The trial court addressed Appellant's argument as follows.

[] Appellant never filed a written recusal motion nor did he make an oral motion or petition asking the [trial c]ourt to recuse. [] Appellant raised the issue … during argument of the [r]econsideration [p]etition on May 15, 2014. … Though two and one half months elapsed between the date of argument and the [trial court opinion], no motion was ever brought to this [c]ourt. From the [trial c]ourt's perspective, it was clear that the impromptu accusation of partiality was made in desperation to save Appellant's case from dismissal. Appellant has waived the issue on appeal by failing to raise it on the record. This is an improper issue to allege at an appellate stage.

Trial Court Opinion, 10/27/14, at 8-9 (footnote and citation omitted). We agree with the trial court that Appellant failed to properly preserve this issue for review. Although Appellant brought the potential conflicts to the trial court's attention, Appellant never sought recusal. Specifically, in his petition for reconsideration, the only relief Appellant sought was a request for entry of summary judgment against Davis. Appellant's Petition for Reconsideration, 4/21/14, at 5. Appellant had the opportunity to properly seek recusal of the trial court prior to raising the issue on appeal and failed to do so. Indeed, Appellant's petition for reconsideration, wherein he lists the perceived, potential conflicts yet does not request recusal, demonstrates

- 16 -

that he had occasion to seek recusal as soon as the information was available but inexplicably did not seek such remedy. **See** Appellant's Petition for Reconsideration, 4/21/14, at 4-5. Accordingly, because Appellant never sought recusal of the trial court, he failed to properly preserve this issue, and we conclude it is waived.[5] **See Coulter**, **supra**; **Lokuta**, **supra**; Pa.R.A.P. 302(a)

Based on the foregoing, we conclude all of Appellant's issues on appeal are devoid of merit or waived. Accordingly, the trial court's July 30, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015

---

[5] In addition to finding the issue waived, the trial court addressed its impartiality in its Rule 1925(a) opinion. "In this matter [the trial court] applied the law to the pleaded facts. No other factor influenced [the trial court's] decision." Trial Court Opinion, 10/27/14, at 10. Had the trial court denied a request for recusal, we would conclude, based on our review of the record, that the trial court did not abuse its discretion. **See A.D.**, **supra**.