J-S10017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FRANCIS MONGELL AND BARBARA MONGELL, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| PHILIP MARTELL AND TRISHA MARTELL, HIS WIFE | : | |
| | : | |
| | : | No. 1204 WDA 2023 |

Appeal from the Order Dated September 20, 2023
In the Court of Common Pleas of Fayette County
Civil Division at No(s):  No. 1409 of 2017

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: November 14, 2024**

Appellants, Francis and Barbara Mongell, appeal from the order entered in the Fayette County Court of Common Pleas, which granted summary judgment in favor of Appellees, Philip and Trisha Martell.  We affirm.

The relevant facts and procedural history of this case are as follows. From 2005 through 2009, Francis Mongell served as the President of the School Board for the Connellsville School District in Connellsville, Fayette County.  Barbara Mongell, his wife, is a retired Connellsville schoolteacher. From May 2015 through November 2016, Philip Martell served as the Business Manager for the Connellsville School District, and as Superintendent from November 2016 through May 2018.  Trisha Martell is Philip Martell's wife.

Appellants filed their complaint on November 17, 2017, and a first

amended complaint in January 2018. On May 25, 2018, Appellants filed a second amended complaint alleging that Appellees had posted messages on Facebook and Fay-west.com, using false names and accounts, from April 2017 through the filing of the complaints. According to the complaint, these postings alleged that Francis Mongell was conducting an extramarital relationship with an individual identified variously as "KB," "Karen Blocker," and "Karen from Highlands Hospital." The posts also claimed that Mr. Mongell had engaged in criminal activity, including theft, while he held a position on the School Board. Appellants' complaint raised counts alleging defamation *per se* and libel.

On July 3, 2018, Philip Martell filed an answer, new matter, and counterclaim; Trisha Martell separately filed an answer and new matter. Both Appellees averred that Francis Mongell was an elected and sitting school board official and, accordingly, a public figure. In his answer, Philip Martell admitted that he had made statements and comments directed at Appellants on Fay-west.com but denied that the statements were defamatory. Nevertheless, Mr. Martell conceded that these posts "may have been construed" to imply that Francis Mongell was having an extramarital affair and had accepted "services" while sitting on the School Board, and that Barbara Mongell allegedly stole from her mother's estate. Mr. Martell further asserted that any statements were posted only briefly before Appellants removed them. Mr. Martell denied posting on Facebook about Appellants. Mr. Martell denied making the specific

posts included as exhibits to Appellants' complaint. Trisha Mongell denied ever posting about Appellants on either Facebook or Fay-west.com. Appellees' counterclaim also asserted that Appellants had used a burner account on another social media website to spread false information about Appellees.

On August 2, 2018, Appellants filed a response to the new matter and an answer to the counterclaim. Thereafter, the parties engaged in discovery. On March 30, 2021, Appellants filed a motion requesting a pre-trial conference and averring that the pleadings of the matter were closed.

On April 4, 2021, Appellees filed a motion for summary judgment. The motion averred that Appellants had failed to prove a *prima facie* case on their causes of action and that there was no genuine issue of material fact. Specifically, Appellees claimed that Appellants' causes of action only baldly asserted that the "defendants" had posted and/or published alleged defamatory comments, but that Appellants never specifically identified which defendant had posted which comment or statement. Further, Appellees asserted that Appellants had failed to provide any evidence that Appellees actually posted or published the statements. As well, Appellees insisted that Francis Mongell, as an elected school board director, was a limited-purpose public figure for purposes of a defamation action under the First Amendment of the United States Constitution, and that as a result, Appellants would be required to prove that any statements were made with actual malice, or a knowledge of their falsity, or with reckless disregard for whether they were

true or false. According to Appellees, Appellants had failed to do so.

On April 30, 2021, Appellants filed a response in opposition to Appellees' motion for summary judgment, arguing that Appellees had, either jointly or individually, posted the comments and statements, and that this was supported by evidence and testimony received from Appellees during discovery. Appellants did not attach any exhibits or evidence to their response.

On July 25, 2022, the trial court entered an opinion and order granting summary judgment in favor of Appellees and dismissing Appellants' second amended complaint. The trial court observed that it had reviewed the record, which contained only pleadings, and had not been supplemented by either party, and included no depositions, answers to interrogatories, admissions and affidavits, or expert reports. While both parties had filed briefs in support and opposition to the motion for summary judgment, the briefs were not part of the official record for a court reviewing such a motion. Thus, the court concluded that, even assuming that Appellants were not required to prove which defendant had made the statements, they had not provided evidence that either defendant had made the statements. Although Appellants argued that evidence and testimony received from Appellees were sufficient to survive the motion, no such evidence or testimony existed in the record.

On August 17, 2022, Appellants filed a motion for reconsideration. The motion averred that the depositions and other discovery were "inadvertently"

left out of the record in the matter and should have been submitted for review. Appellants attached to their motion a deposition of Philip Martell, dated January 31, 2019, with a request for admissions attached as an exhibit to the deposition; the deposition of Trisha Martell, dated May 16, 2019; the affidavit of Alan Laick of Laick Design regarding his investigation of the IP addresses of the alleged defamatory posts; and two responses to subpoenas to produce documents relating to vacation time taken by Trisha Martell from Elizabeth-Forward School District, and vacation time taken by Philip Martell from Connellsville School District, both of which were received after argument and brief of the response to the motion. On August 22, 2023, the trial court denied Appellants' motion.

On August 23, 2022, Appellants filed a notice of appeal, which was docketed in this Court at 964 WDA 2022. On June 15, 2023, this Court quashed the appeal because the trial court had not disposed of Appellees' counterclaim, rendering the appeal premature. On September 20, 2023, Appellees filed a *praecipe* to discontinue their counterclaim and, on October 2, 2023, Appellants timely filed a notice of appeal. On October 6, 2023, the trial court ordered Appellants to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On October 25, 2023, Appellants timely complied.

On appeal, Appellants raise the following issue for our review:

> Whether the trial court erred as a matter of law in granting Appellees' motion for summary judgment and dismissing their cause of action for defamation *per se*, when Appellees admitted to making statements regarding Appellants on

social media alleging an extramarital affair on the part of Appellant Francis Mongell, and criminal activity on the part of both Appellants, statements that could be determined to be defamation *per se* by a fact finder.

(Appellants' Brief at 4).

Appellants argue that the trial court erred in concluding that there were no genuine issues of material fact in this case. Appellants assert that Mr. Martell admitted to posting about both Appellants in his answer, new matter, and counterclaim, in a manner that constituted defamation *per se*.[1] Appellants claims that in addition to these admissions, Appellants asked the trial court to reconsider its decision based upon other information attached to their motion for reconsideration. Appellants aver that the information they sought to admit into the record indicated that certain posts were made while Appellees were on vacation, and the IP address indicated the posts were made in the general area in which Appellees were vacationing. Appellants conclude that the trial court erred in granting summary judgment in favor of Appellees, and this Court must grant relief. We disagree.

---

[1] In their second amended complaint, Appellants raised three counts of defamation *per se* and one count of libel. We note that libel, which is a method of defamation, is "any malicious publication that is written, printed, or painted, or procured to be written, printed, or painted, and which tends to expose a person to contempt, ridicule, hatred, or degradation of character." ***Joseph v. Scranton Times L.P.***, 959 A.2d 322, 334 (Pa.Super. 2008), *appeal dismissed as moot*, 603 Pa. 146, 982 A.2d 1223 (2009). Appellants have abandoned any claim regarding their separate cause of action for libel on appeal. To the extent Appellants did not intend to abandon any such argument, it is waived for lack of citation to authority and proper development. ***See*** Pa.R.A.P. 2119(a).

Our standard of review of an order granting summary judgment is well-

settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  Only where there is no material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered.  Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Shellenberger v. Kreider Farms***, 288 A.3d 898, 905 (Pa.Super. 2023)

(internal citations and quotation marks omitted).  Further:

> Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment.  Further, failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.
>
> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder.  If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***Id.*** at 905-06 (internal citations and quotation marks omitted).

The explanatory comment to Rule 1035.2 states,

> Under [Rule 1035.2(2), summary judgment is proper if] the record contains insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there

> is no issue to be submitted to a jury. The motion in this instance is made by a party who does not have the burden of proof at trial and who does not have access to the evidence to make a record which affirmatively supports the motion. To defeat this motion, the adverse party must come forth with evidence showing the existence of the facts essential to the cause of action or defense.

Pa.R.C.P. 1035.2, *Comment*.

This Court has stated:

> [O]ur Supreme Court has determined that, for purposes of ruling on a motion for summary judgment, the "record" includes any and all "(1) pleadings, (2) depositions, answers to interrogatories, admissions and affidavits, and (3) reports signed by an expert witness that would, **if filed**, comply with Rule 4003.5(a)(1), whether or not the reports have been produced in response to interrogatories." Pa.R.C.P. 1035.1 (emphasis added). The foregoing language suggests that expert reports need only be submitted, not filed, in order to be considered in ruling on the motion for summary judgment.

*Monroe v. CBH20, LP*, 286 A.3d 785, 802 (Pa.Super. 2022) (emphasis in original, footnote omitted).

"[T]he intent of the motion for summary judgment is not to eliminate meritorious claims that could be established by additional discovery or expert report[s.]" *Gerrow v. John Royle & Sons*, 572 Pa. 134, 140, 813 A.2d 778, 781-82 (2002) (plurality). Therefore, the court may consider a party's supplemental additional discovery or expert reports even beyond the deadline of a case management order "when it files a motion in opposition to the entry of summary judgment." *See Monroe, supra* at 803-04. *Compare Kelly v. Siuma*, 34 A.3d 86, 94 n.8 (Pa.Super. 2011), *appeal denied*, 615 Pa. 778, 42

A.3d 294 (2012) (holding that trial court properly refused to consider new arguments and evidence presented for first time in motion for reconsideration; explaining that issues raised for first time in motion for reconsideration and after entry of summary judgment may not be considered by this Court).

Further,

> Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party. ***Nasim v. Shamrock Welding Supply Co.***, [563 A.2d 1266, 1267 (Pa.Super. 1989)] ("It is well established that a judicial admission is an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission"). As we held in ***John B. Conomos, Inc. v. Sun Co.***, 831 A.2d 696, 712 (Pa.Super. 2003),
>
>> For an averment to qualify as a judicial admission, however, it must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law. The fact must have been unequivocally admitted and not be merely one interpretation of the statement that is purported to be a judicial admission. ***Jones v. Constantino***, [631 A.2d 1289, 1293-94 (Pa.Super. 1993)] (finding no admission where "the evidence could be reasonably construed to admit of more than one meaning") …

***Coleman v. Wyeth Pharms., Inc.***, 6 A.3d 502, 524-25 (Pa.Super. 2010) (some citations omitted) (concluding that responses to fact sheets were not made for appellants' benefit, were not clear and unequivocal, were not factual because question invited respondent to draw conclusion, and thus did not constitute judicial admission).

To establish a cause of action for defamation, the plaintiff has the burden of proof regarding the following elements:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

*Lewis v. Philadelphia Newspapers, Inc.*, 833 A.2d 185, 191 (Pa.Super. 2003) (citing 42 Pa.C.S.A. § 8343). "Whether a communication can be construed to have a defamatory meaning is a question of law for the court to determine." *Cashdollar v. Mercy Hosp. of Pittsburgh*, 595 A.2d 70, 75 (Pa.Super. 1991) (citation omitted). "[D]efamation *per se* occurs when the statement ascribes to the plaintiff any of the following: commission of a criminal offense, a loathsome disease, serious sexual misconduct, or conduct or characteristics that adversely affect the plaintiff's fitness to properly conduct his profession, trade or business." *Krolczyk v. Goddard Sys., Inc.*, 164 A.3d 521, 531 (Pa.Super. 2017) (citing Restatement (Second) of Torts § 570). A plaintiff need not prove special damages if the statement constitutes defamation *per se. See Meyers v. Certified Guar. Co., LLC*, 221 A.3d 662,

673 (Pa.Super. 2019).

A communication is considered to be defamatory,

> if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession. Additionally, the court should consider the effect the statement would fairly produce, or the impression it would naturally engender, in the minds of average persons among whom it is intended to circulate.

**Constantino v. University of Pittsburgh**, 766 A.2d 1265, 1270 (Pa.Super. 2001) (citations and internal quotation marks omitted).

Instantly, the trial court concluded that Appellants "failed to come forward with evidence that would prove that the Martells, individuals or jointly, published or posted the specific alleged defamatory messages or comments on the social media websites." (Trial Court Opinion, 7/25/22, at 8) (unpaginated). The court further observed:

> The [c]ourt has reviewed the record which includes only the Second Amended Complaint and Answer, New Matter, and Counterclaim of Defendant Philip Martell and Answer and New Matter of Defendant Trisha Martell. The record was not further supplemented by either party and includes no depositions, answers to interrogatories, admissions and affidavits, or expert reports. The [c]ourt notes that [Appellants] and [Appellees] filed briefs supporting their positions, but that the briefs are not part of the official record for a Court reviewing a motion for summary judgment. …
>
>         \*     \*     \*
>
> An essential element of defamation is proof of publication by the defendant. 42 Pa.C.S.A. § 8343(2). In their Second Amended Complaint, [Appellants] allege that [Appellees] made defamatory statements about them which were attached as an Exhibit to the Complaint. In his Answer,

- 11 -

[Appellee] Philip Martell admitted to making statements about [Appellants] on Fay-west.com but denied making any statement on Facebook and denied that the statements attached as an Exhibit to the Second Amended Complaint were made by him. In her Answer, [Appellee] Trisha Martell denied making any defamatory statements about [Appellants] on Facebook or Fay-west.com.

In [Appellants'] brief, which is not a part of the record for purposes of summary judgment, they argued that they are not required at this stage to prove which [Appellee] made a specific post; that it is possible to prove both [Appellees] made a specific comment; and that [Appellees] are a married couple residing and vacationing together. [Appellants] further argued that they "also presented evidence to support their contention that members of the community believed [Appellees] to be making said posts[,]" that evidence will be presented at trial to show [Appellees'] animosity towards [Appellants]; the general locations the posts were made in conjunction with [Appellees'] vacation to Mexico; and "other evidence to indicate that [Appellees] made these posts with the intention to harm [Appellants]."

Assuming for arguendo that [Appellants] are not required at this stage to prove which [Appellee] made the alleged defamatory statements, [Appellants] have failed to adduce evidence that either [Appellee] made the statements. Even accepting as true the allegations in their brief, which are not part of the record, animosity towards [Appellants], the belief of members of the community, being married and residing and vacation together, would not prove that one or both [Appellees] published the comments.

In their response to the motion for summary judgment, [Appellants] allege "evidence and testimony received from [Appellees] during discovery" are sufficient to survive the motion for summary judgment. No evidence or testimony exists in the record. In their brief, [Appellants] allude to "other evidence" without specifying what evidence. The [c]ourt can find no evidence of record that would support a *prima facie* case for defamation, specifically that [Appellants] provided no evidence that [Appellees] published the statements.

- 12 -

(Trial Court Opinion, 7/25/22, at 8-10) (unpaginated) (some internal citations omitted).

The record supports the court's grant of summary judgment in favor of Appellees. Appellants rely on Appellee Mr. Martell's admissions, wherein Appellants claim that Mr. Martell admitted to having posted statements about both Appellants on Fay-west.com.

This admission reads:

> 8. The averments contained in Paragraph 8 of [Appellants'] Second Amended Complaint are admitted in part and denied in part. It is admitted that [Appellee] made statements/comments directed at [Appellants] on Fay-west.com. Any averment which states or implies that said statements/comments were defamatory is a conclusion of law to which no responsive pleading is required; however, to the extent that a responsive pleading may be deemed necessary, said averments are specifically denied. It is specifically denied that alleged defamatory statements were made during the time period alleged of April 2017 to the present. To the contrary, any statements that may have been made were only in April and May 2017 and were not continuing. By way of further answer, any statements/comments made by [Appellee] were only posted for minutes before being removed by [Appellants]. It is specifically denied that any statements made by [Appellee] were using false names and/or accounts. To the contrary, no account is required to comment on Fay-west.com and a username is required which by its very nature is commonly not a users given name. Moreover, a review of this website would reveal that it is quite common that users do not use identifying information as a username. It is specifically denied that [Appellee] posted defamatory statements on Facebook directed to plaintiffs. To the contrary, [Appellee] did not make any such posts as alleged during the alleged time period using false names and/or accounts on Facebook.

(Answer, New Matter, and Counterclaim, 7/3/18, at ¶ 8). Additionally, Mr.

Martell stated that he was without knowledge, specific recollection, or information sufficient to admit or deny that he had made the exact posts attached as exhibits to Appellants' complaint. (*See id.* at ¶¶ 9-11). Contrary to Appellants' argument, these statements do not constitute "clear and unequivocal admissions of fact," to demonstrate that Mr. Martell posted the alleged defamatory material at issue and, therefore, cannot be used as judicial admissions. *See Coleman, supra*.

Further, although Appellants attached additional evidence to their motion for reconsideration, the trial court properly refused to consider it, where Appellants presented such evidence for the first time in their motion for reconsideration. *See Kelly, supra*. Notably, Appellants did not attach the evidence on which they now rely in their response to Appellees' motion for summary judgment, which Appellants filed on April 30, 2021. *See Monroe, supra*. Even if Appellants had inadvertently omitted their proffered supplemental evidence, we note that the court did not rule on Appellees' motion for summary judgment until July 25, 2022, **over a year after** Appellants filed their response in opposition. At no time during that period did Appellants seek to correct their mistake or supplement the record. It was not until August 17, 2022, that Appellants attached the exhibits on which they now rely to their motion for reconsideration.

Under these circumstances, we agree with the trial court that the evidence before the court at the time of its ruling was insufficient to establish

a *prima facie* cause of action for defamation *per se*. ***See Lewis, supra***.

Therefore, Appellees were entitled to summary judgment. ***See*** Pa.R.C.P.

1035.2, *Comment*. ***See also Shellenberger, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/14/2024